IN THE MATTER OF S. DONALD KEESAL,
AN ATTORNEY AT LAW.

Argued April 11, 1978—Decided May 22, 1978.

*Mr. Charles J. Hollenbeck,* Designated Counsel, argued the cause for Central Ethics Unit and the Camden County Ethics Committee.

Respondent made no appearance.

Per Curiam. Respondent was admitted to the Bar of New Jersey in 1972. Until August 9, 1977, he was also a member of the Bar of the Commonwealth of Pennsylvania.

On January 4, 1978, the Camden County Ethics Committee, following a hearing on a complaint made to it by a client of respondent's, filed a presentment charging respondent with unethical conduct. Specifically, it found that respondent had violated the provisions of *R.* 1:21-1 by permitting a Philadelphia, Pennsylvania, attorney, not admitted to practice in this State, to use respondent's name, office and standing at the New Jersey Bar to file pleadings in a New Jersey lawsuit.

The Committee found that respondent, as attorney of record in the same matter, violated DR 7-101(A) by failing to represent his client properly. What happened was that respondent did not file an answer to an amended complaint served upon him in the New Jersey lawsuit and a default judgment was entered against the client. Respondent failed to move to reopen the judgment although he told the client that he would do so. He then withdrew from his representation of the client without giving the client due notice, and without taking reasonable steps to avoid foreseeable prejudice to the client's rights. He delayed unreasonably in turning the file over to the client's new attorney.

The Committee further concluded that respondent, by these actions, engaged in conduct prejudicial to the administration of justice in violation of DR 1–102(A)(5) and that such conduct adversely reflected on his fitness to practice law, a violation of DR 1–102(A)(6).

Shortly after the above presentment had been filed with this Court, Robert E. Cowen, Chief, Central Ethics Unit, filed a petition with this Court asking that respondent be disbarred in New Jersey on the ground that respondent was disbarred with consent on August 9, 1977 by the Supreme Court of Pennsylvania. This disbarment resulted from the filing of some six charges of professional misconduct against respondent in Pennsylvania, three of which alleged the conversion of substantial sums of clients' funds. In his resignation affidavit respondent acknowledged that he could not successfully defend himself against these charges.

The record also shows that nine criminal informations growing out of some of the complaints of professional misconduct were filed against respondent on October 3, 1977 in the Court of Common Pleas of Philadelphia. The informations charge respondent with forgery, false swearing and the unlawful use and conversion of funds entrusted to him. He has entered written pleas of guilty to these informations.

On the return date of our order to show cause why respondent should not be disbarred or otherwise disciplined, based on the presentment as well as the petition filed by Central Ethics, respondent did not appear or communicate in any way with the Court.

Respondent's misconduct in the practice of law is so serious as to demonstrate his unfitness to be licensed as an attorney. An order of disbarment is to be entered striking his name from the roll.

*For disbarment*—Chief Justice HUGHES, Justices SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER and Judge CONFORD—7.

*Opposed*—None.

# ORDER

It is ORDERED that S. DONALD KEESAL of Cherry Hill be disbarred and that his name be stricken from the roll of attorneys of this State, effective immediately; and it is further

ORDERED that S. DONALD KEESAL be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that respondent comply with all the regulations of the Supreme Court governing suspended, disbarred or restrained attorneys.