## IN THE MATTER OF EDWARD E. KAUFMAN, AN ATTORNEY AT LAW.

Argued September 25, 1979—Decided October 22, 1979.

*Ms. Colette A. Coolbaugh*, Secretary, argued the cause for the Disciplinary Review Board.

*Mr. Warren W. Wilentz* argued the cause for respondent (*Messrs. Wilentz, Goldman & Spitzer*, attorneys).

PER CURIAM.

This disciplinary proceeding against respondent Edward E. Kaufman, a member of the bars of New York and New Jersey, is bottomed on a finding of professional misconduct made against him in the State of New York.

In June 1977, the Association of the Bar of the City of New York instituted disciplinary proceedings against respondent in the Appellate Division, Supreme Court, First Department, State of New York, charging him with three separate specifications of neglect of clients' cases. Following a hearing, a court appointed referee found the charges to have been sustained and an order

was entered suspending respondent from the practice of law for a period of three years effective May 8, 1978, and until the further order of the court.

The record indicates that respondent settled with the client in each case. However, in two of the matters the amount of the settlement has not yet been paid by respondent, and in one of these cases respondent's check, issued by him in part payment of the settlement, was returned for insufficient funds.

As a result of this suspension, disciplinary proceedings were commenced against respondent in New Jersey under *R.* 1:20–3(h) and the matter came before the Disciplinary Review Board (DRB). Following a hearing at which respondent appeared *pro se*, the DRB concluded that the findings of neglect of clients' cases in New York constituted serious professional misconduct and that "only a severe period of suspension would constitute appropriate discipline." It recommended that respondent be suspended from the practice of law in New Jersey for a period to run concurrently with his suspension in New York and that only when reinstated in New York should he be allowed to apply for reinstatement in New Jersey. It also recommended that respondent be required to reimburse the Administrative Office of the Courts for the actual cost of disbursements for stenographic services arising out of the New Jersey disciplinary proceedings.

Respondent does not dispute the proposition that his professional misconduct in New York is relevant to his status as a member of the bar of this State. His objection to the DRB recommendation is directed to its alleged undue severity. He urges that this Court accord him discipline independently of that imposed in New York.

When a New Jersey attorney who is also admitted to practice in another jurisdiction is disciplined in that jurisdiction, the findings as to misconduct will be adopted by this Court in proceedings commenced under our *R.* 1:20–3(h). Furthermore,

unless good reason to the contrary is shown, the discipline accorded in New Jersey will ordinarily correspond with that imposed in the other jurisdiction.

In the instant matter respondent has not demonstrated any good reason why our discipline should not correspond with that imposed in New York. The misconduct was substantial and there are aggravating circumstances. Accordingly, we adopt the DRB recommendation that respondent be suspended from the practice of law in New Jersey for a period equal to his suspension in New York and until the further order of this Court. When reinstated in that jurisdiction he will be eligible to apply for reinstatement in New Jersey. Respondent is also to reimburse the Administrative Office of the Courts for the actual cost of disbursement for stenographic services arising out of this disciplinary proceeding.

So ordered.

*For suspension* —Justices SULLIVAN, PASHMAN, CLIF-FORD, SCHREIBER, HANDLER and POLLOCK—6.

*Opposed* —None.