IN THE MATTER OF PHILIP F. McNALLY, AN ATTORNEY
AT LAW.

Argued September 11, 1979—Decided October 23, 1979.

*Ms. Colette A. Coolbaugh*, Secretary, argued the cause for the
Disciplinary Review Board.

*Mr. Jeffrey Simms* argued the cause for respondent (*Messrs.
Rudd, Simms & Grillos*, attorneys).

PER CURIAM.

Respondent Philip F. McNally is an attorney at law of this
State, admitted to the bar in 1964. He has been charged with a
serious disciplinary infraction growing out of his handling of a
mortgage foreclosure.

The facts and circumstances surrounding the incident are
summarized in the Decision and Recommendation of the Disci-
plinary Review Board (DRB) as follows:

The record reveals and respondent admits that respondent, then an associate in a Newark law firm, forged the name of the Sheriff of Mercer County to a deed of foreclosure and fraudulently witnessed the instrument. The deed was then recorded on April 26, 1978. Shortly thereafter on May 3, 1978 his employers learned of these events, and respondent resigned from his employment with the firm. He has voluntarily refrained from the practice of law since that time.

By way of extenuation respondent described the nature of the law practice carried on in the office in which he had been employed at the time of the incident. He asserted that he worked under great pressure at all times and felt unable to discuss his problems with his employers. He also asserted that by reason of an unusual chain of circumstances in the particular transaction out of which his difficulties arose, he had at first neglected to follow through on matters requiring his attention and then, to conceal this situation, falsely informed his client, a banking institution, that he had completed a necessary foreclosure action. He thereafter became obsessed with the fear that he would lose his position of employment with the firm if the facts became known and prepared and recorded the forged Sheriff's deed.

THE DRB, in its decision, found that respondent's admitted conduct constituted unethical activity in violation of DR1–102(A)(1), (3), (4) and (5) and DR7–102(A)(5) and (8). It recommended that respondent be suspended from the practice of law for a period of two years, retroactive to May 3, 1978, the effective date of his self-imposed suspension.

Ordinarily, respondent's conduct would call for the severest kind of discipline. However, there are mitigating circumstances which undoubtedly influenced the DRB's recommendation.

The foreclosure proceeding in question was complicated. It involved large tracts of land on which was located a nursery farm with considerable nursery stock. Apparently the nursery had run into financial difficulties and was in default on its obligations. Respondent's client, a bank, held a second mortgage on the property and also had a security interest in the nursery stock. Following meetings between representatives of the bank and the nursery, an auction sale of the nursery stock was scheduled. At this point the first mortgagee commenced foreclosure proceedings naming respondent's client as a defendant. It also sought to enjoin the proposed auction sale on the ground that its mortgage lien embraced the nursery stock.

During the foreclosure the client took an assignment of the first mortgage and instructed respondent to complete the foreclosure on its behalf. Respondent was uncertain as to how to proceed as the client was a named defendant in the foreclosure. He sought advice from his firm's senior partner as to this uncertainty, which meeting led to a "difference of opinion" between the two. As a result, he let the matter lie.

In the interim, the client obtained a prospective purchaser for the property and was also eager to dispose of the nursery stock. It pressed respondent for completion of the foreclosure. Respondent became fearful that he might lose his employment if his superiors in the office learned of his inaction. He therefore told the client that the foreclosure was completed and that a Sheriff's deed had been obtained. When the client demanded that the deed be produced, respondent prepared a purported deed on a foreclosure sale, signed the sheriff's name to it and had it recorded.

The falsity was quickly exposed by a title company which, in examining the foreclosure proceedings, saw that they had not been completed and no sheriff's sale held.

Respondent frankly admits that he panicked when confronted with a situation beyond his capabilities. He points out, however, that he sought no personal profit or gain from his actions other than retention of his employment. He has cooperated fully with the District Ethics Committee and the DRB in the hearings held by them. His remorse is clear. This is his only disciplinary infraction.

We have said on many occasions that the primary purpose of the discipline of attorneys is not punishment, but rather protection of the public. *In re Sears*, 71 *N.J.* 175, 200, 364 *A.2d* 777 (1976). On its face the incident involving respondent appears to be an isolated instance of aberrant behavior not likely to be repeated. The forging of the deed was the tragic culmination of an episode involving an attorney too insecure to admit his

inadequacy in a legal matter assigned to him for handling and an employer perceived by him as too demanding to tolerate such an admission. Considering all of the circumstances, we conclude that the recommendation of the DRB should be adopted. Respondent is hereby suspended from the practice of law for a period of two years and until the further order of this Court, the suspension to be effective as of May 3, 1978.

So ordered.

*For suspension*—Chief Justice WILENTZ and Justices SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER, HANDLER and POLLOCK—7.

*Opposed*—None.