194 N.J. Super. 237 (1984)
476 A.2d 836
IN THE MATTER OF THE SUSPENSION OR REVOCATION OF THE LICENSE OF DONALD R. COLE, M.D. TO PRACTICE MEDICINE AND SURGERY IN THE STATE OF NEW JERSEY.
Superior Court of New Jersey, Appellate Division.
Argued April 9, 1984.
Decided May 4, 1984.
*240 Before Judges BISCHOFF, PETRELLA and BRODY.
Steven I. Kern argued the cause for appellant
Peter A. Greene, Deputy Attorney General, argued the cause for respondent (Irwin I. Kimmelman, Attorney General of New Jersey, attorney for respondent State Board of Medical Examiners; Andrea M. Silkowitz, Deputy Attorney General, of counsel).
The opinion of the court was delivered by BISCHOFF, P.J.A.D.
Appellant Donald R. Cole, M.D. appeals from the final order of the Board of Medical Examiners revoking his license to practice medicine and surgery in New Jersey.
*241 On March 3, 1983 a complaint was filed with the Board of Medical Examiners (Board) charging that the license of Donald R. Cole to practice medicine in New York was revoked by the Commissioner of Education in that State because he had been found "guilty of the fraudulent practice of medicine, and negligence and incompetence in the practice of medicine in the treatment of seven cancer patients; and wilfully or grossly negligent failure to comply with federal and state law in the administration of unapproved drugs, and failure to keep accurate records of two of these cancer patients." The complaint charged this revocation was for reasons consistent with N.J.S.A. 45:1-21 and, as such, constituted grounds for disciplinary action against appellant pursuant to N.J.S.A. 45:1-21(g). The complaint sought an order suspending or revoking the license of Dr. Donald R. Cole.
Appellant filed an answer to the complaint admitting his license to practice medicine and surgery had been revoked in New York but denied the violation of any of the laws of the State of New Jersey.
A hearing was held on the complaint before the Board on April 13, 1983, at which time evidence of the New York revocation was received. The Board ruled the New York order of revocation was sufficient on its face to establish grounds for sanction under N.J.S.A. 45:1-21(g) and that such New York action was based on conduct which was grounds for sanction in New Jersey under N.J.S.A. 45:9-16(h), (i), N.J.S.A. 45:9-6 and N.J.S.A. 45:1-21(b) through (e). The hearing continued with respect to a determination of the penalty to be levied. At this hearing appellant testified and he produced the testimony of two physicians as character witnesses, as well as five of his current patients. After consideration of the record in executive session, the Board announced the revocation of Dr. Cole's license to practice medicine and surgery in New Jersey.
On this appeal Dr. Cole argues that N.J.S.A. 45:1-21, the statute relied upon by the Board, is inapplicable since N.J.S.A. *242 45:1-15 et seq. became effective on July 13, 1978 while the objectionable conduct which was the basis for the New York revocation occurred between 1976 and 1978. He argues that the proper statute for the Board's proceeding would be N.J.S.A. 45:9-16.
N.J.S.A. 45:9-16, in pertinent part, reads:
45:9-16. Refusal to grant, suspension or revocation of license, or registration of certificate or diploma; grounds; procedure; relicense.
The board may refuse to grant or may suspend or revoke a license or the registration of a certificate or diploma to practice medicine and surgery or chiropractic filed in the office of any county clerk in this State under any act of the Legislature, upon proof to the satisfaction of the board that the holder of such license ... (h) has been guilty of gross malpractice or gross neglect in the practice of medicine which has endangered the health or life of any person, ...
That statute pertains to a situation where a physician licensed in New Jersey is charged with conduct sufficient to warrant revocation of his license irrespective of similar action taken in a sister state. Proceedings under that statute require a de novo hearing at which the State must establish by a preponderance of the evidence the charges against the physician. In re Matter of Polk, 90 N.J. 550, 560 (1982). However, N.J.S.A. 45:1-21 addresses a different situation. That statute provides in pertinent part:
45:1-21. Grounds for refusal to admit to examination, refusal to issue or to suspend or revoke any certificate, registration or license.
A board ... may suspend or revoke any certificate, registration or license ... upon proof that the applicant ...
........
c. Has engaged in gross negligence, gross malpractice or gross incompetence;
d. Has engaged in repeated acts of negligence, malpractice or incompetence;
........
g. Has had his authority to engage in the activity regulated by the board revoked or suspended by any other state, ... for reasons consistent with this section;
........
This statute creates an entirely different ground for sanction. It allows revocation in New Jersey upon proof of the fact of *243 revocation elsewhere. This section does not require the State to prove anew the facts which formed the basis of the out-of-state sanction.
An analogous situation exists in the rules governing attorney disciplinary proceedings. R. 1:20-3(h) provides in pertinent part:
(h) Criminal or Disciplinary Determination in Another Jurisdiction. If a final determination has been made in a criminal or disciplinary proceeding in another jurisdiction that an attorney of this State has engaged in conduct warranting disciplinary action in this State, such determination shall be deemed to have established the facts upon which it rests ...
The court in In re Kaufman, 81 N.J. 300 (1979) said:
When a New Jersey attorney who is also admitted to practice in another jurisdiction is disciplined in that jurisdiction, the findings as to misconduct will be adopted by this Court in proceedings commenced under our R. 1:20-3(h). Furthermore, unless good reason to the contrary is shown, the discipline accorded in New Jersey will ordinarily correspond with that imposed in the other jurisdiction. Id. at 302-303.
Appellant further contends the application of N.J.S.A. 45:1-21 to him constitutes impermissible retroactive enforcement. This is not so. N.J.S.A. 45:1-21(g) is triggered by the act of revocation in another state, not by the underlying conduct which caused the sanction to be imposed. Here the revocation in New York occurred after the effective date of N.J.S.A. 45:1-21. In the Kaufman case the court applied R. 1:20-3(h) which was effective April 1, 1978 to suspend an attorney's license based upon a New York order of suspension dated May 8, 1978, which, in turn, was based on conduct in New York prior to June of 1977. The Supreme Court found no issue of retroactive enforcement. See also In re Friedland, 92 N.J. 107 (1983).
Moreover, N.J.S.A. 45:1-21 is part of a uniform enforcement act and the opening section, N.J.S.A. 45:1-14 et seq., declares the act to be remedial and calls for a liberal construction. A strong implication of a legislative intent toward the validity of retroactive application exists. Gibbons v. Gibbons, 86 N.J. 515, 522 (1981).
*244 We have carefully examined the record of the New York proceedings furnished us and find that the revocation in New York was based upon conduct and for reasons consistent with N.J.S.A. 45:1-21.
Appellant further argues that in large part the revocation in New York was based upon the experimental use of the drug Laetrile which, while illegal in New York, is legal in New Jersey, N.J.S.A. 24:6F-1 et seq., and cannot be the basis for a valid revocation in New Jersey. The argument is flawed. The New York panel action was based upon its findings of Dr. Cole's fraudulent practice and gross negligence in connection with false claims of success; his engaging in experimental therapy in the absence of protocol; his failure to keep accurate and proper records and to obtain an informed consent for treatment as it related to the use of Laetrile. This and not the use of Laetrile, is what provided the basis for the revocation. In fact, the New York panel specifically stated:
"This Panel does not take a position either for or against the use of Laetrile for terminal cancer patients in the proper clinical setting, providing that the patients of their own violation seek such a substance and knowing that it has not been approved for humans by the Food and Drug Administration and that all other regimens have failed."
It was not the use of Laetrile per se that caused Dr. Cole's downfall, it was the manner in which he used it and generally conducted his practice as a result of that use.
Appellant further contends that N.J.S.A. 45:9-16(h)[1] cannot apply to him since his negligence, if any, could not have endangered the health or life of patients already terminally ill. The contention lacks merit. We have already demonstrated that the proceeding against Dr. Cole was instituted under N.J.S.A. 45:1-21 and not under N.J.S.A. 45:9-16. Moreover, *245 the same argument has been implicitly rejected in prosecutions under the Federal Food, Drug and Cosmetic Act. 21 U.S.C.A. § 321(p)(1). See U.S. v. Rutherford, 442 U.S. 544, 554, 99 S.Ct. 2470, 2476, 61 L.Ed.2d 68, 78-79 (1979).
Appellant further argues that the New York revocation cannot form a basis for New Jersey action because New York uses a lower standard of proof to "judge the validity of administrative proceedings." The argument lacks merit. A comparison of the standard for appellate review of the two states shows them to be virtually identical. Compare In re Suspension of Heller, 73 N.J. 292, 309 (1977) with Pell v. Bd. of Education, 34 N.Y.2d. 222, 231, 356 N.Y.S.2d. 833, 839, 313 N.E.2d 321 (1974).
Appellant claims he was denied his right to a fair hearing and to due process in the proceeding before the Board. Since the charges and the proceedings were based solely on N.J.S.A. 45:1-21(g) the scope of the hearing was, of necessity, limited and appellant was quite properly not permitted to go behind the New York determination. See In re Coruzzi, 95 N.J. 557, 567-568 (1984). The appellant sought to introduce evidence for the stated purpose of showing that the Board should take no action since his continued practice was in the public interest. He argues the Board has discretion to ignore misconduct, gross negligence or revocation in a sister state since N.J.S.A. 45:1-21 commences with the statement "A board may ..." revoke. However we read the statute to vest the Board with discretion only to modify the penalty imposed once there is proof of a violation of the statute. The Board found a violation of the statute and provided appellant an opportunity to be heard in mitigation. We see no due process violation. Appellant received a formal complaint, was provided with an adequate opportunity to prepare his defense, he was represented by counsel and was permitted to testify and present witnesses and documentary evidence on his own behalf. A verbatim transcript was made and the determination of the Board to hear *246 the case rather than transfer it to the Office of Administrative Law was within the discretion of the Board. N.J.S.A. 52:14F-8.
The appellant's claim that he was improperly limited in calling witnesses is without merit. All eight mitigation witnesses were permitted to testify. His request that all 70 patients present be permitted to testify was unreasonable and the Board allowed the appellant to have the patients sign a list stating they supported Dr. Cole. Such a limitation is consistent with established law. State v. Carter, 91 N.J. 86, 106 (1982); State v. Mucci, 25 N.J. 423 (1957); N.J.A.C. 1:1-15.2(a).
Appellant's arguments that the exclusion of certain items of evidence, the poisoning of the mind of the Board by the prosecutor's questions of the character witnesses and cross-examination denied him a fair trial are all without merit.
Appellant also argues the Board improperly considered documents which were not introduced into evidence and, in fact, had been excluded from evidence. He contends this deprived him of a fair trial. While we agree the Board did improperly consider such evidence, we are satisfied that in the context of the entire proceeding consideration of these extraneous documents could not have led to an improper result and constituted, at most, harmless error.
Appellant charges that the final written order did not conform to the oral order of April 13th. However, we detect no significant deviation. Appellant also urges that an improper merger of the prosecutorial and advisory functions in the Office of the Attorney General deprived him of his constitutional right. The Supreme Court has recently held that a similar dual role assumed by a single deputy attorney general standing alone does not constitute a due process violation. In re Matter of Polk, 90 N.J. at 576-577. No evidence of taint appears in the record and the bare assertion of improper conduct falls short of proof of actual bias, prejudice or violation of due process in a hearing required by our case law. In re Blum, 109 N.J. Super. 125, 129 (App.Div. 1970); In re Larson, 17 N.J. Super. 564, *247 574-579 (App.Div. 1952) (Brennan concurring); Accord Withrow v. Larkin, 421 U.S. 35, 47, 95 S.Ct. 1456, 1464, 43 L.Ed.2d 712 (1975).
Appellant's contention that the Board's proceedings were conducted in violation of the Open Public Meetings Act in taking a "straw vote" behind closed doors and after reaching a consensus voting a second time in public was in violation of N.J.S.A. 10:4-12(a). The record is to the contrary. The Board properly entered executive session to consider whether the New York order was sufficient on its fact to establish grounds for sanction under N.J.S.A. 45:1-21(g); N.J.S.A. 10:4-12(b)(9). The Board deliberated and reached a consensus on the issue. It, of necessity, had to take a vote or "straw poll" to identify a consensus since without sufficient votes the deliberations could not have been concluded. These straw votes were obviously not illegal, secret votes. After reaching a consensus the Board reentered the public session and publicly voted on the motion and summarized its findings and conclusions.
The sanction of license revocation corresponds to the sanction imposed in New York and we affirm that disposition. In re Kaufman, 81 N.J. 302-303; 92 N.J. at 113.
Affirmed.
NOTES
[1] 45:9-16. Refusal to grant, suspension or revocation of license, or registration of certificate or diploma; grounds; procedure; relicense.

.... (h) has been guilty of gross malpractice or gross neglect in the practice of medicine which has endangered the health or life of any person, or ...