IN THE MATTER OF CHRISTOPHER T. RAGUCCI, AN ATTORNEY AT LAW.

Decided October 12, 1988.

## ORDER

The Disciplinary Review Board having filed a report with the Supreme Court recommending that CHRISTOPHER T. RAGUCCI of STATEN ISLAND, NEW YORK, who was admitted

to the bar of this State in 1987, be suspended from the practice of law for a period equal to his suspension in New York and that he be eligible for reinstatement in New Jersey only after he has been reinstated in New York, and good cause appearing;

It is ORDERED that the findings of the Disciplinary Review Board are hereby adopted and respondent is suspended from the practice of law for a period of two years, effective immediately, and until the further Order of the Court; and it is further

ORDERED that the Decision and Recommendation of the Disciplinary Review Board, together with this Order and the full record of the matter, be added as a permanent part of the file of said CHRISTOPHER T. RAGUCCI as an attorney at law of the State of New Jersey; and it is further

ORDERED that CHRISTOPHER T. RAGUCCI be and hereby is restrained and enjoined from practicing law during the period of his suspension; and it is further

ORDERED that respondent comply with Administrative Guideline No. 23 of the Office of Attorney Ethics dealing with suspended attorneys; and it is further

ORDERED that respondent must be reinstated to the practice of law in New York before he may seek restoration in this state; and it is further

ORDERED that CHRISTOPHER T. RAGUCCI reimburse the Ethics Financial Committee for appropriate administrative costs.

## APPENDIX

### Decision and Recommendation of
### Disciplinary Review Board

This matter is before the Board on a Motion for Reciprocal Discipline filed by the Office of Attorney Ethics pursuant to *R.* 1:20-7, based upon respondent's suspension by the Appellate Division of the Supreme Court of the State of New York for a

two-year period effective October 29, 1987. The facts are as follows:

On September 6, 1985 respondent, an attorney with a midtown New York law firm, on his way to a local branch of The Chase Manhattan Bank to deposit his paycheck, found a check on the floor of the lobby of the apartment building in which he lived. The check was a pension check in the amount of $194.06, made out to the order of Sadie Sforza, another tenant in the building. Respondent picked up the check, ostensibly intending to notify the building superintendent of his find that evening so that the check could be returned to its proper owner. However, after respondent had gone to the bank and deposited his own paycheck, he proceeded to endorse the Sforza check over to his own order and deposited it in his account.

Some seven months later, on April 2, 1986, Mrs. Sforza confronted respondent in the lobby of their apartment building and told him she had recently discovered that he had deposited her check in his account. Respondent then wrote out a check to Mrs. Sforza for $250 and put it under the door of her apartment that evening, together with a note which stated that respondent was "very sorry to hear of your trouble this morning" and expressed the hope that the check for $250 would "solve your problem". Mrs. Sforza returned the check to respondent uncashed. Respondent later learned that, several days prior to their confrontation in the lobby of the apartment building, Mrs. Sforza had filed an ethics complaint with the New York Departmental Disciplinary Committee for the First Judicial Department.

No criminal charges were filed against respondent for his conversion of the check.

On November 3, November 10 and December 8, 1986, hearings were held before a hearing panel of the New York Departmental Disciplinary Committee. Respondent was represented by counsel during those proceedings. Among those testifying at the hearing was Dr. Stanley L. Portnow, a psychiatrist whom

respondent had consulted after the ethics charges were filed against him. Dr. Portnow diagnosed respondent as suffering from an adjustment disorder with mixed disturbance of emotions and conduct characterized by poor impulse control with obsessive-compulsive features.

The hearing panel found that respondent had violated the Code of Professional Responsibility in that he had converted to his own use funds which belonged to the third party. It recommended public censure. However, the Appellate Division, by Order dated September 29, 1987, suspended respondent from the practice of law for a period of two years, effective October 29, 1987.

Under the provisions of *R.* 1:20–7(a), respondent was required to inform the Clerk of the Supreme Court of New Jersey and the Director of the Office of Attorney Ethics of the disciplinary action which had been taken by the New York authorities. No such notice was ever received by the Clerk or the Director.

The Office of Attorney Ethics filed the within Motion for Reciprocal Discipline on January 22, 1988.

## CONCLUSION AND RECOMMENDATION

Upon a review of the full record, the Board recommends that the motion be granted and that respondent be reciprocally disciplined for a period equal to the period of his suspension in New York.

The Board adopts the factual findings of the New York hearing panel. Respondent did not dispute those findings in New York; indeed, he admitted in his answer dated May 9, 1986 that he had taken the check, endorsed it and deposited it into his own account. Respondent did not appear at the hearing held before the Disciplinary Review Board on April 20, 1988.

Under *R.* 1:20–7(d), and given the lack of any procedural irregularities in the New York proceedings, the Board is required to recommend the imposition of identical discipline unless the misconduct established warrants substantially different

discipline. *In re Kaufman*, 81 *N.J.* 300 (1979). Here, the Board finds no reason to impose different discipline. Respondent has admitted the taking of the check and its deposit into his own account. Though the amount of the check was small, the forgery itself would call for a substantial suspension in New Jersey. *See In re McNally*, 81 *N.J.* 304 (1979), where an attorney who forged the county sheriff's name on a deed was suspended for two years, and *In re Yacavino*, 100 *N.J.* 50 (1985), where an attorney who forged court orders in an adoption proceeding was suspended for three years.

Even if the Board were disposed to a finding of some lesser discipline, the fact that respondent did not report the New York disciplinary action to the New Jersey authorities as required by *R.* 1:20–7(a) would mitigate against a recommendation of lesser discipline. Respondent chose not to appear before the Board. For these reasons the Board could give little weight to the findings of Dr. Portnow.

Accordingly, the Board unanimously recommends that respondent be suspended from the practice of law in New Jersey for a period equal to his suspension in New York, to be eligible for reinstatement in New Jersey only after he has been reinstated in New York.

The Board further recommends that respondent be required to reimburse the Ethics Financial Committee for appropriate administrative costs.