In the Matter of Disciplinary Proceedings
Against Robert John Heilgeist,
Attorney at Law.

Supreme Court

No. 85–0261–D. Filed July 9, 1985.
(Also reported in 370 N.W.2d 271.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee recommended that the license of Attorney Heilgeist to practice law in Wisconsin be suspended for 90 days as reciprocal discipline, pursuant to SCR 22.25, on the basis of the suspension of Attorney Heilgeist's license to practice law in Illinois for misconduct, specifically, having participated in the creation of false evidence. The Illinois Supreme Court suspended Attorney Heilgeist's license for 90 days, effective December 15, 1984. We accept that recommendation.

Attorney Heilgeist was admitted to practice law in Wisconsin in 1979. In November, 1983, the court publicly reprimanded him for having commenced a meritless libel and malpractice action against another attorney.

Our rule, SCR 22.25, provides that when an attorney admitted to practice law in Wisconsin is subjected to public discipline in another jurisdiction, identical discipline be imposed on that attorney, with specific exceptions not applicable in this case. That rule also re-

quires that an attorney subjected to discipline in another jurisdiction "promptly inform the administrator [of the Board of Attorneys Professional Responsibility] of the action," and provides that failure to furnish notice within 20 days of the effective date of the order for discipline constitutes misconduct. SCR 22.25(1). The referee found that Attorney Heilgeist had not promptly notified the Board of Attorneys Professional Responsibility of the suspension of his license in Illinois, and that, as a result, a hearing in this proceeding was not held until after the Illinois suspension period had expired.

The referee concluded that "identical discipline" in this case would be a 90-day suspension, commencing the date of this court's order, rather than a suspension concurrent with the Illinois suspension, for the reason that the Illinois suspension terminated prior to the hearing in this proceeding and that any concurrent suspension would render this disciplinary proceeding a nullity. We agree.

IT IS ORDERED that the license of Robert J. Heilgeist to practice law in Wisconsin is suspended for 90 days, commencing August 1, 1985.

IT IS FURTHER ORDERED that within 60 days of the date of this order Robert J. Heilgeist pay to the Board of Attorneys Professional Responsibility the costs in this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing by Attorney Heilgeist of his inability to pay those costs within that time, the license of Attorney Robert J. Heilgeist to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Robert J. Heilgeist comply with the provisions of SCR 22.26 concerning the requirements of a person whose license to practice law in Wisconsin has been suspended.