# IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST Thomas Charles
BRICKLE, Attorney at Law.

Supreme Court

*No. 85–2252–D. Submitted on briefs January 7, 1987.—Decided
February 12, 1987.*

(Also reported in 400 N.W.2d 464.)

For the appellant, there were briefs by *Thomas Charles Brickle*, Fond du Lac.

For the Board of Attorneys Professional Responsibility there was a brief by *Gerald A. Sternberg*, Madison.

PER CURIAM. *Attorney disciplinary proceeding; attorney's license revoked.*

The respondent attorney, Thomas C. Brickle (Brickle), appealed from the recommendation of the referee that his license to practice law in Wisconsin be revoked in response to the revocation of his license to practice law in the state of Virginia. The referee made that recommendation pursuant to the court's reciprocal discipline rule, SCR 22.25,[1] having concluded that none

---

[1] SCR 22.25 provides: "Reciprocal discipline. (1) An attorney admitted to practice law in this state, upon being subjected to public discipline or suspended for medical incapacity in another jurisdiction, shall promptly inform the administrator of the action. Failure to furnish the notice within 20 days of the effective date of the order or judgment constitutes misconduct.

(2) Upon the filing of a certified copy of a judgment or order of another jurisdiction imposing discipline or suspending for medical incapacity of an attorney admitted to practice in this state, the administrator shall file a complaint with the clerk of the supreme court containing:

(a) A copy of the judgment or order from the other jurisdiction.

(b) A motion to show cause directing that the attorney inform the referee within 20 days after service of that order upon the attorney of any claim by the attorney predicated upon the grounds set forth in sub. (5) that the imposition of the identical discipline by the referee would be unwarranted and the reasons therefor.

(3) The procedures set forth in SCR 22.07 to 22.24 and 22.26 are applicable to proceedings under this rule except as expressly provided in this rule.

of the exceptions to the rule's provision for the imposition of discipline identical to that imposed in another jurisdiction was applicable. Thus, the referee concluded that the disciplinary proceeding in Virginia was not lacking in notice or opportunity to be heard so as to have constituted a deprivation of due process, there was no infirmity of proof such that the referee could not accept as final the Virginia determination of misconduct and the misconduct established in Virginia does not justify substantially different discipline in Wisconsin. SCR 22.25(5).

We accept the referee's conclusion and the recommendation that Attorney Brickle's license to practice law in Wisconsin be revoked. We also accept the referee's recommendation that Attorney Brickle be required to pay the costs of this proceeding.

Attorney Brickle was licensed to practice law in Wisconsin in 1963 but has not engaged in the practice of law in this state, although he has maintained an address in Fond du Lac. In October, 1986, he was suspended from membership in the State Bar of Wisconsin for noncompliance with the continuing legal education

---

(4) If the discipline or medical suspension imposed in the other jurisdiction has been stayed, any reciprocal discipline or medical suspension imposed in this state shall be deferred until the stay expires.

(5) Upon the expiration of 20 days from service of the complaint issued under sub. (2), the referee shall impose the identical discipline or medical suspension unless:

(a) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the referee could not accept as final, the conclusion on that subject; or

(c) The misconduct established justifies substantially different discipline in this state."

357

rules, SCR chapter 31. The referee in this proceeding is Attorney Rudolph P. Regez, Sr.

In this appeal Attorney Brickle contended that the proceeding in Virginia lacked notice and opportunity to be heard, thereby depriving him of due process, and as a consequence, pursuant to the exception set forth in SCR 22.25(5)(a), the revocation of his license to practice law in Wisconsin is not warranted. He argued that, prior to the revocation order, he was not notified of the charges of misconduct made against him and was not afforded an opportunity to appear and contest those charges.

The revocation of Attorney Brickle's license to practice law in Virginia in July of 1985 resulted from his conduct as co-administrator in an estate in Virginia. According to matters set forth in an affidavit he signed, Attorney Brickle made unauthorized withdrawals of funds in the estate, signed the name of the other co-administrator on checks drawn on the estate's bank account without authorization to do so and misrepresented to the court the balance in the account, stating that it was approximately $24,000, when in fact it was less than $20. The opening account balance had been approximately $39,000. In this disciplinary proceeding, while admitting that the signature on the affidavit was his, Attorney Brickle invoked his fifth amendment right against self-incrimination with respect to the affidavit's contents.

Attorney Brickle signed the affidavit June 3, 1985, and the next day the other co-administrator, Attorney James Treese, reported the matter to the Virginia State Bar by letter, including a copy of the affidavit and his entire estate file. The letter indicated that a copy was being sent to Attorney Brickle. On the same day Attorney Treese wrote to the chief judge and an administra-

tor of the probate court in Virginia, enclosing to each a copy of Attorney Brickle's affidavit. Those letters, too, showed a copy being sent to Attorney Brickle.

On June 15, 1985 Attorney Brickle wrote to the chief justice of the Supreme Court of Virginia the following:

> "I hereby resign from the Bar of the State of Virginia and so request that my name be removed from the rolls as an attorney admitted to practice before the Courts of the Commonwealth. I have withdrawn from all matters pending within the Courts of the Commonwealth. I trust this notice is sufficient within the terms of the statutes and that no further notice is necessary."

On June 26, 1985, staff of the Virginia State Bar notified the Supreme Court of Virginia of Attorney Brickle's affidavit and Attorney Treese's June 4, 1985 letter. On July 17, 1985, the Supreme Court of Virginia issued an order acknowledging Attorney Brickle's letter of resignation, as well as receipt of information from the State Bar, and accepting the resignation and revoking Attorney Brickle's license to practice law. That revocation apparently was ordered pursuant to Virginia law, which provides:

> "Any attorney may at any time surrender his license by tendering his resignation in writing to the clerk of the Supreme Court, but any resignation tendered by an attorney at a time when charges are pending against him before the Board or a Committee shall be deemed an admission that such charges are true. This admission shall not be deemed an admission in any proceeding except one relating to the status of the attorney as a member of the Virginia State Bar. The Supreme Court will by order

accept such resignation and revoke the license of such attorney." Pt. 6, Sec. IV, Para. 13(H), Code of Virginia.

Attorney Brickle did not notify the Wisconsin disciplinary authorities of the revocation in Virginia, although the Virginia authorities did.

Attorney Brickle claimed he had never received a copy of Attorney Treese's letter to the Virginia State Bar transmitting a copy of his affidavit concerning his conduct in the estate or a copy of Attorney Treese's letters to the chief judge and probate court administrator. He further contended that the co-administrator's letter to the Virginia State Bar, with a copy of his affidavit concerning estate matters, did not constitute "charges ... pending against him before the [Virginia] Board or a Committee" and, consequently, his resignation could not have been deemed an admission that such charges were true under the Virginia resignation statute. Therefore, he argued, he was entitled to notice of misconduct charges pending against him and an opportunity to be heard on those charges before his license could be revoked. It is his position that the Supreme Court of Virginia's order revoking his license is void and may not serve as the basis for the imposition of reciprocal discipline in Wisconsin.

Attorney Brickle took the position that his letter of resignation to the Supreme Court of Virginia was clear and unambiguous and contained no acknowledgment of any charges made against him, no admissions of misconduct, no waivers of due process and no consent to license revocation. In support of his position, Attorney Brickle cited other provisions of the Virginia bar regulation statute, which distinguish between an investigation of alleged misconduct and a charge of misconduct and,

with respect to the latter, provide substantive and procedural safeguards to the accused attorney. Attorney Brickle contended that, absent his actual knowledge of pending misconduct allegations and his execution of a waiver of due process, the revocation of his license was improper.

In response to Attorney Brickle's arguments, the Board of Attorneys Professional Responsibility (Board) contended that, because the Virginia State Bar was investigating Attorney Brickle for misconduct at the time he sent his letter of resignation to the Supreme Court of Virginia, pursuant to the Virginia resignation statute, that resignation constituted an admission that the alleged misconduct was true. However, the resignation statute does not refer to a resignation while an investigation of alleged misconduct is pending but, rather, "when charges are pending ... before the Board or a Committee." The Board's argument equating the pendency of an investigation by the State Bar with the pendency of misconduct charges is based on other provisions of the Virginia bar regulation statute:

> "Duties of Committee: It shall be the duty of each [State Bar District] Committee to receive and investigate all charges of misconduct against any attorney ...; provided, however, that whenever 120 days have elapsed after assignment of a complaint to a district committee, bar counsel may, in his or her discretion, assume jurisdiction of the complaint and complete the investigation for the committee...."
> Pt. 6, Sec. IV, Para. 13(B)(2), Code of Virginia.
>
> "Preliminary Investigation. Upon receipt of a complaint or evidence that misconduct has occurred in the district or has been engaged in by an attorney resident of or maintaining an office in the district, the Committee shall make a preliminary investiga-

tion. This investigation may be conducted by one or more members of the Committee designated by the chairman or vice-chairman, or may be conducted by bar counsel as provided in 13(B)(2). . . . " Pt. 6, Sec. IV, Para. 13(B)(5)(a), Code of Virginia.

The statute further provides that, after a report of the preliminary investigation is made to the Committee, the Committee shall dismiss the matter or determine to hold a hearing, with notice to the attorney and an opportunity to be heard. Pt. 6, Sec. IV, Para. 13(B)(5)(a)-(c), Code of Virginia. Following the hearing, the Committee may dismiss the proceeding if it determines that the evidence fails to show misconduct; if it determines that the evidence shows misconduct, it may deliver a private reprimand or certify the matter to the Virginia State Bar Disciplinary Board for further action. Pt. 6, Sec. IV, Para. 13(B)(6), Code of Virginia.

While the "when charges are pending" language of the resignation statute would appear to include misconduct charges made to a Committee, the record does not disclose whether Attorney Treese's letter to the Virginia State Bar was ever referred to a Committee prior to its being sent to the Supreme Court of Virginia. If it had not been referred, it might be argued that there were no "charges . . . pending against [Attorney Brickle] before the Board or a Committee" when he submitted his letter of resignation. Then, under the Virginia resignation statute, the resignation would not constitute an admission that any allegations of misconduct were true.

It is not necessary to decide whether the Supreme Court of Virginia correctly applied the Virginia resignation statute in revoking Attorney Brickle's license to practice law. Our reciprocal discipline rule provides for the imposition of identical discipline unless one of three

362

stated exceptions applies. The exception relied upon by Attorney Brickle states: "The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process." SCR 22.25(5)(a). The lack of notice or opportunity to be heard alone does not make the reciprocal discipline rule unwarranted; the lack of notice or opportunity to be heard must be such as to constitute a deprivation of due process.

We conclude that the proceeding by which Attorney Brickle's license to practice law was revoked by the Supreme Court of Virginia, while not directly affording him notice of misconduct allegations and an opportunity to be heard in the matter, did not deprive him of due process. Attorney Brickle sent his letter of resignation to the Supreme Court of Virginia 12 days after he had executed an affidavit setting forth facts concerning his unauthorized withdrawals of estate funds, his having signed the name of the co-administrator on checks drawn on the estate's bank account without authorization to do so, and his having misrepresented to the court the balance in the estate account. Whether or not he received a copy of the co-administrator's letter reporting the matter to the Virginia State Bar, Attorney Brickle had reason to believe that the matters set forth in the affidavit had been reported to the Virginia disciplinary authorities before he sent his letter of resignation. He testified in this proceeding that he had executed the affidavit at the insistence of Attorney Treese and had tendered his resignation "because there were problems that arose in the administration of an estate." He further stated, "The problems were not clarified. [I] was in the process of trying to find out what they were."

As the Board argued, Attorney Brickle had the opportunity to appeal the revocation order or request reconsideration if he believed the Virginia procedure deprived him of due process. He neither appealed nor sought reconsideration. His reasons given for not doing so were the following:

> "[I] did not proceed to appeal it on the grounds that the matter had not been completed in the Commonwealth and did not have sufficient grounds on which to appeal without further findings of fact on [my] part to satisfy that an appeal was merited or that the facts justified an appeal, and that further introductions will show that timing was so hasty that an appeal seemed like a useless act."

That does not explain, however, why Attorney Brickle, knowing he had further recourse in the Virginia proceeding, elected not to raise there the due process issue he presents here. Certainly, he needed no additional facts to support his position on that issue.

The Board also argued that Attorney Brickle's invocation of the fifth amendment privilege during this disciplinary proceeding with respect to the contents of his affidavit permits the drawing of an adverse inference on the issue of his misconduct in the estate. Further, the Board noted that Attorney Brickle's failure to notify the Board or this court of the Virginia revocation order constituted misconduct, pursuant to SCR 22.25(1). However, these arguments concern the issue of Attorney Brickle's misconduct and are irrelevant to the issue before us, namely, whether reciprocal discipline should be imposed on the basis of the Virginia revocation order.

We determine that the deprivation of due process exception to our reciprocal discipline rule is not applicable here. Attorney Brickle had adequate opportunity to

raise the constitutional due process issue in the Virginia proceeding by appeal or motion for reconsideration of the Supreme Court of Virginia's order revoking his license, and he knowingly failed to do so. We accept the referee's conclusion that the Virginia proceeding did not deprive Attorney Brickle of due process and the recommendation that the court impose identical discipline to that imposed by the Supreme Court of Virginia.

■

In the course of this proceeding, Attorney Brickle filed two motions objecting to the assessment of costs against him, contending that the rule providing for the assessment of costs against an attorney in a disciplinary proceeding, SCR 22.20,[2] is in direct conflict with SCR 21.12(2), which provides that costs of disciplinary proceedings are to be paid "by the state from the appropriation under section 20.680 of the statutes." Attorney Brickle argued that, because the latter is mandatory and the former discretionary, the latter should prevail. This argument is without merit. Supreme Court Rule 21.12(2) is merely a budgetary provision designating the source from which the payment of costs is initially made and has no effect on the assessment of costs provision, SCR 22.20. Attorney Brickle also claimed that his financial resources were "exhausted" as a result of his having been party to reciprocal disciplinary proceedings in other jurisdictions where he had been admitted to the

---

[2] SCR 22.20 provides, in pertinent part: "Assessment of costs. (1) The supreme court may assess all or part of the costs of the proceeding against the respondent and enter a judgment for costs. The board may assess all or part of the costs of a proceeding in which the board imposes discipline pursuant to SCR 21.09(2). Costs are payable to the board.
" . . . "

practice of law. However, he offered no proof in support of his alleged inability to pay the costs. The motions objecting to the assessment of costs are denied.

In his brief, Attorney Brickle requested that publication of the court's decision in this matter be delayed on the ground that "unresolved reciprocal discipline proceedings similar to the instant matter are pending in another jurisdiction, the District of Columbia Court of Appeals." Attorney Brickle stated that he would immediately notify this court of the final decision in that proceeding as soon as he learned of it. The request for delayed publication, which we deem a motion, is denied.

IT IS ORDERED that the license of Thomas C. Brickle to practice law in Wisconsin is revoked, effective March 2, 1987.

IT IS FURTHER ORDERED that within 90 days of the date of this order Thomas C. Brickle pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that Thomas C. Brickle comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.