IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST Daniel J.
MURRAY, Attorney at Law.

Supreme Court

*No. 87–1919–D. Filed March 18, 1988.*

(Also reported in 420 N.W.2d 369.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee recommended that the license of Daniel J. Murray to practice law in Wisconsin be

suspended for a period of 30 days as discipline reciprocal to a 30-day suspension imposed upon him by the Supreme Court of the state of Washington on October 17, 1986 for his having failed to file a federal income tax return for calendar 1979. As a result of that failure, he was convicted on a guilty plea in federal court and ordered to serve 90 days in jail, pay a $5,000 fine and serve three years' probation.

Attorney Murray was admitted to practice law in Wisconsin in 1971 and shortly thereafter moved to the state of Washington and practiced law there. In a previous disciplinary matter in Washington, he had consented to a letter of censure in 1980 for neglect of a client's legal matter. The referee in this proceeding is Attorney Rudolph P. Regez, Sr.

■■■■

Our rules call for the imposition of discipline in Wisconsin identical to that imposed in another jurisdiction, provided the procedure in that jurisdiction did not deprive the attorney of due process, there was not such a lack of proof establishing the attorney's misconduct as to render the referee in a Wisconsin proceeding unable to accept the determination of the other jurisdiction, and the misconduct does not justify substantially different discipline here. SCR 22.25. As none of these qualifications to the imposition of identical discipline apply to this case, we suspend Attorney Murray's license to practice law here for a period of 30 days.

Our disposition of this proceeding is not inconsistent with our recent determination that the needs of the public and the legal system require that a license suspension be for a minimum period of 60 days. *Disciplinary Proceedings Against Schnitzler*, 140 Wis. 2d 574, 412 N.W.2d 424 (1987). There we concluded

that a 30-day suspension did not afford sufficient time for giving notice of the suspension to the attorney's clients being represented in pending matters, advising them to seek legal representation elsewhere, making arrangements for the temporary closing of the attorney's practice, notifying courts and attorneys for opposing parties in pending matters of the suspension, and publishing notice of the suspension, all of which are required by SCR 22.26. The 60-day period is unnecessary here, as Attorney Murray has not resided in this state for more than 15 years and practices in another jurisdiction.

IT IS ORDERED that the license of Daniel J. Murray to practice law in Wisconsin is suspended for a period of 30 days, commencing April 4, 1988.

IT IS FURTHER ORDERED that within 30 days of the date of this order Daniel J. Murray pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within that time, the license of Daniel J. Murray to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Daniel J. Murray comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.