The PEOPLE of the State of Colorado, Complainant,

v.

Alan J. BRADBURY, Attorney–Respondent.

No. 89SA85.

Supreme Court of Colorado, En Banc.

March 27, 1989.

Linda Donnelly, Disciplinary Counsel, and John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Alan J. Bradbury, pro se.

ROVIRA, Justice.

In this attorney discipline case, an inquiry panel of the Supreme Court Grievance Committee has recommended that the respondent, Alan J. Bradbury, be disbarred and assessed the costs of this proceeding. We accept the recommendation.

I.

The respondent was admitted to the bar of this court on May 25, 1983, and is subject to the jurisdiction of this court. He has entered into a stipulation, agreement, and conditional admission of misconduct which reflects his conviction of a felony in Minnesota in July 1988, and his disbarment by the Minnesota Supreme Court on October 7, 1988.

The parties stipulate to the following facts and conclusions. Respondent was employed by two Minnesota corporations to furnish general accounting services, to collect funds due and owing to the corporations, to review, receive, and prepare drafts for payment to creditors of the corporations, and to maintain checking accounts.

In April 1988, a major creditor of one of the corporations informed the managing officer of the corporations that substantial sums of money were owed to it for rent that had been due and owing for approximately five months. A review of the checking account records of the corporations revealed that many checks had been written out of sequence, some were made payable directly to the respondent, others were made payable to various financial institutions or were missing. Further, approximately fifteen cancelled checks and drafts were found in the respondent's office that had been drawn on the corporations' checking accounts and made payable to respondent or to financial institutions, all of which were unauthorized. The checks contained forgeries of the managing officer's signature. In addition, another thirty-six cancelled checks purportedly signed by the former authorized signator and made payable to respondent or to financial institutions were found. Further inspection revealed that the signatures were not genuine and were made with a photocopy machine. A folder was discovered in the respondent's office containing check stubs from many of the missing checks. The folder also contained blank

checks prepared by means of a photocopy machine bearing the managing officer's signature.

Further investigation revealed that respondent had made withdrawals from the corporations' checking accounts and deposited the funds directly into his own bank accounts. It was determined that respondent had misappropriated approximately $25,000 from the corporations' checking accounts for his personal use.

On July 19, 1988, respondent pleaded guilty in Ramsey County District Court, St. Paul, Minnesota, to felony theft. As a result of his guilty plea, the Minnesota Supreme Court disbarred the respondent on October 7, 1988.

Respondent admits that his conduct violates C.R.C.P. 241.6 of the Colorado Supreme Court Rules concerning discipline of attorneys and the Code of Professional Responsibility, DR1–102(A)(1) (violate a disciplinary rule), DR1–102(A)(3) (engage in illegal conduct involving moral turpitude), and DR1–102(A)(4) (engage in conduct involving dishonesty, fraud, deceit, or misrepresentation).

## II.

When a member of the Colorado bar is disciplined in another jurisdiction, this court is required to impose the same discipline unless there was a denial of due process or an infirmity in the prior proceedings, the imposition of the same discipline would result in a grave injustice, or the attorney's misconduct warrants a substantially different discipline. *See People v. Payne*, 738 P.2d 374, 375 (Colo.1987). None of these factors is present in this case. Under the *ABA Standards for Imposing Lawyer Sanctions*, disbarment is an appropriate sanction.[1]

Accordingly, pursuant to C.R.C.P. 241.17, we approve the recommendation of the inquiry panel and order the same sanction as that imposed by the Supreme Court of Minnesota. The respondent is disbarred and his name is stricken from the role of attorneys authorized to practice law before the Supreme Court of Colorado. Respondent is ordered to pay the costs of these proceedings in the amount of $6.84, within thirty days of the date of this opinion, to the Colorado Supreme Court Grievance Committee, Suite 500 S, 600 Seventeenth Street, Denver, Colorado 80202–5435.

---

1. Standard 4.1 states that disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury to a client.

   Standard 4.6 states that disbarment is generally appropriate when a lawyer knowingly deceives a client with the intent to benefit the lawyer.

   Standard 5.1 states that disbarment is generally appropriate when a lawyer engages in serious criminal conduct, an element of which included misrepresentation, fraud, and theft.