**OFFICE OF DISCIPLINARY COUNSEL**, Petitioner, v. **JAMES DAVID KIMO SMITH**, Respondent

NO. 13969

(ODC NO. 2694)

SEPTEMBER 29, 1989

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

On April 17, 1989, the Supreme Court of Colorado suspended respondent James David Kimo Smith (respondent) from the practice of law for a period of one year and one day, effective 30 days after the date of the opinion. The Supreme Court issued a lengthy opinion detailing the charges against respondent, which had been upheld by the grievance committee as proved by clear and convincing evidence. The committee had recommended a suspension for 60 days but the Supreme Court of Colorado, in its opinion,

increased the suspension to one year and one day, giving its reasons therefor.

On July 28, 1989, the Office of Disciplinary Counsel of the Supreme Court of the State of Hawaii filed an ex parte motion for the issuance of reciprocal discipline notice under the Rules of the Supreme Court of Hawaii (RSCH) 2.15(b), together with a memorandum in support thereof. On August 10, 1989, this court issued its notice and order to the respondent pursuant to RSCH 2.15(c), requiring a response within 30 days. On August 28, 1989, respondent filed his answer to the show cause order issued by this court and, on September 14, 1989, the Office of Disciplinary Counsel filed a response thereto.

RSCH 2.15(c) provides:

Upon the expiration of 30 days from service of the notice issued pursuant to the provisions of (b) above, this court shall impose the identical discipline unless Counsel or the attorney demonstrates, or this court finds that upon the face of the record upon which the discipline is predicated it clearly appears, (1) that the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or (2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or (3) that the misconduct established warrants substantially different discipline in this state. Where this court determines that any of said elements exist, this court shall enter such other order as it deems appropriate.

As we read the rule just quoted, we must impose the identical discipline unless, on the face of the Colorado record, it clearly appears that one, or more, of the three conditions, stated in the rule, has been met. We cannot find, nor has respondent demonstrated that in this case.

Respondent argues that the limitation of time for the hearing before the grievance committee, and other such matters deprived him of notice or an opportunity to be heard. The Supreme Court of Colorado dealt with those contentions extensively and refuted them point by point.

Respondent contends that there was an infirmity of proof of establishing misconduct. Again, the Supreme Court of Colorado detailed the evidence at length and that detailing showed the misconduct clearly.

Respondent contends that the discipline imposed by Colorado was excessive and warrants substantially different discipline in this state. Suffice to say that, among other matters, respondent was found to have said he would initiate criminal proceedings against his client unless he paid respondent's civil claim against him, and withdrew the grievance complaint against respondent. That violation of the Code of Ethics, alone, is sufficient to justify the suspension of a year and a day, in our view. Cumulatively the violations found certainly support the discipline imposed. Accordingly, it is hereby ordered that respondent James David Kimo Smith is suspended from the practice of law in the State of Hawaii for a period of one year and one day. Such suspension is to take effect 30 days from the date of this opinion.

*Gerald H. Kibe*, Chief Disciplinary Counsel, for the petitioner.

*James David Kimo Smith* respondent, pro se.