## OFFICE OF DISCIPLINARY COUNSEL, Petitioner, v. JAMES EDWARD HURLEY, Respondent

### NO. 14129

(ODC NO. 2273)

FEBRUARY 28, 1990

LUM, C.J., PADGETT, HAYASHI, AND
WAKATSUKI, JJ., AND RETIRED JUSTICE
NAKAMURA, ASSIGNED BY REASON
OF VACANCY

**Per Curiam.** On September 3, 1986, Respondent James Edward Hurley (Hurley) was licensed to practice law in the State of Hawaii.

On January 11, 1988, Hurley moved the Supreme Court of Texas to accept his resignation as an attorney there, in lieu of disciplinary action on allegations of professional misconduct.

Under Article X, § 15 of the Texas State Bar Rules, a motion to resign in lieu of discipline may not be accepted for filing without

a concurring motion by the Grievance Committee. The concurring motion must

> contain findings of fact and conclusions of law regarding the complaint(s) then pending against the movant. Such complaint(s) shall be considered conclusively established thereby for all pertinent purposes. The acceptance of a resignation under this section by the court shall be tantamount to disbarment for the purpose of reinstatement.

The concurring motion filed by the Grievance Committee for State Bar District No. 1–A of the State Bar of Texas included findings of fact and concluded Hurley violated Texas Disciplinary Rules 1–102(A)(5), 1–102(A)(6), 6–101(A)(2), 7–101(A)(1), 7–101(A)(2), and 7–101(A)(3); and Article X, § 7(4) of the Texas State Bar Rules.

The Supreme Court of Texas considered Hurley's motion and the Grievance Committee's concurring motion. On March 14, 1988, the Supreme Court of Texas ordered Hurley's Texas law license cancelled and his name dropped and deleted from the list of persons licensed to practice law in Texas.

On October 13, 1989, the Office of Disciplinary Counsel of the Supreme Court of Hawaii (ODC) filed an ex parte petition for issuance of Reciprocal Discipline Notice to Respondent Hurley, pursuant to Rule 2.15(b) of the Rules of the Supreme Court of Hawaii (RSCH). This court issued the notice and order required by RSCH 2.15(b). Respondent Hurley, in accord with a court approved stipulation for extension of time, filed a timely response.

Petitioner ODC argues Hurley's resignation in lieu of discipline in Texas is tantamount to disbarment.[1] ODC argues RSCH 2.15(c) requires disbarment in the State of Hawaii.

---

[1] ODC also notes a 90–day suspension from practice in Texas and asks for a 90–day suspension here. In light of our decision, a 90–day suspension is both unnecessary and superfluous.

Under RSCH 2.15(c)

this court shall impose the identical discipline unless Counsel or the attorney demonstrates, or this court finds that upon the face of the record upon which the discipline is predicated it clearly appears, (1) that the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or (2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or (3) that the misconduct established warrants substantially different discipline in this state.

Thus, in *Office of Disciplinary Counsel v. Smith*, 71 Haw. 37, 780 P.2d 87 (1989), we concluded where discipline has been enforced by a final order in any foreign or domestic jurisdiction, identical discipline must be enforced by this court unless it clearly appears, on the face of the record, that one or more of the three conditions set forth in RSCH 2.15(c) has been met.

Hurley argues the Texas Supreme Court's order deleting his name from the role of Texas attorneys is not akin to disbarment. Hurley argues his was simply a voluntary resignation. Hurley emphasizes the phrase "for the purpose of reinstatement" in Article X, § 15 of the Texas State Bar Rules and opines resignation in lieu of discipline is not the same as disbarment for any purpose other than for reinstatement to the roll of attorneys in Texas.

When acceptance of resignation in lieu of discipline is "tantamount to disbarment for purposes of reinstatement" in Texas, it is tantamount to disbarment for purposes of reciprocal discipline in Hawaii. Hurley's argument to the contrary is not remotely convincing.

Accordingly, it is hereby ordered that Respondent James Edward Hurley is disbarred from the practice of law in this jurisdiction, effective 30 days after the filing of this opinion. *See* RSCH 2.16(c).

*Gerald H. Kibe*, Chief Disciplinary Counsel, and *Alvin T. Ito*, Special Assistant Disciplinary Counsel, for petitioner.
*James E. Hurley*, respondent, pro se.