441 S.E.2d 382

**The COMMITTEE ON LEGAL ETHICS OF the WEST VIRGINIA STATE BAR, Complainant,**

v.

**Stephen M. GOODMAN, A Member of the West Virginia State Bar, Respondent.**

**No. 21980.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 11, 1994.

Decided Feb. 18, 1994.

---

Teresa A. Tarr, Disciplinary Counsel, W.V. State Bar, Charleston, for the complainant.

Respondent pro se.

PER CURIAM:

This is an attorney disciplinary proceeding under the reciprocal discipline provisions of article VI, section 28–A of the by-laws of the West Virginia State Bar. On March 13, 1986, the Florida Supreme Court granted Stephen M. Goodman's petition for leave to resign without leave to reapply, pursuant to article XI, rule 11.08 of the Florida Bar Integration Rule.[1] This was the result of an investigation which revealed that Mr. Goodman was allegedly using his client trust account in a check kiting scheme. Mr. Goodman's resignation was in lieu of discipline. Additionally, on November 16, 1987, Mr. Goodman pled guilty to an unrelated charge of one count of grand larceny after trust. Mr. Goodman failed to report to the West Virginia State Bar that disciplinary action had been taken against him by the Florida Bar or that he had pled guilty to a crime. The Committee on Legal Ethics of the West Virginia State Bar ("the Committee") recommends that Mr. Goodman be deemed to have resigned from the West Virginia State Bar without leave to reapply and that his name be stricken from the roll of attorneys. For the reasons stated below, we agree with the Committee's recommendation insofar as it recommends that Mr. Goodman be disbarred from the practice of law in West Virginia.[2]

---

1. The court specifically stated:

This proceeding is before us on respondent's petition for leave to resign without leave to reapply, pursuant to article XI, Rule 11.08, of the Integration Rule of the Florida Bar. The Florida Bar does not oppose respondent's petition. The Court, having found that respondent freely and voluntarily submitted the petition and that the requirements of Rule 11.08 are satisfied, hereby approves the petition. Stephen M. Goodman's name is hereby stricken from the roll of attorneys in the state of Florida effective this date.

2. In Florida, Mr. Goodman resigned without leave to reapply for reinstatement permanently. While article VI, section 28–A of the by-laws of the West Virginia State Bar would appear to allow the same discipline to be imposed in this state, our by-laws do not preclude application for reinstatement. On the contrary, article VI, section 35 of the by-laws provides that a disbarred attorney may petition for reinstatement of his

## I

In 1985, Mr. Goodman was licensed to practice law in the State of Florida and was, therefore, under the disciplinary jurisdiction of the Florida Supreme Court and the Florida Bar. On July 24, 1985, the Florida Supreme Court granted the Florida Bar's petition for temporary suspension of Mr. Goodman's license following an investigation which revealed that Mr. Goodman was allegedly using his client trust account in a check kiting scheme that defrauded a bank out of approximately $550,000. That court ordered Mr. Goodman "suspended from the practice of law until further order of this Court." On March 25, 1986, the Florida Supreme Court granted Mr. Goodman's petition for leave to resign without leave to reapply for reinstatement.

Additionally, on April 25, 1986, an information was filed in the Circuit Court of Broward County, Florida, charging Mr. Goodman with one count of grand theft after trust, a charge having no relationship to the prior action taken by the Florida Bar. On November 16, 1987, Mr. Goodman pled guilty to one count of grand larceny after trust and was sentenced to one year's probation and was ordered to make restitution to the victim.

Mr. Goodman has been a licensed member of the West Virginia State Bar since 1970, his present status being active but not practicing. He is, therefore, subject to the disciplinary jurisdiction of the West Virginia Supreme Court of Appeals and its properly constituted Committee on Legal Ethics. Mr. Goodman failed to report to the West Virginia State Bar either that disciplinary action had been taken against him by the Florida Bar or that he had pled guilty to a crime. It was not until December, 1991 that the West Virginia State Bar learned of Mr. Goodman's permanent resignation from the Florida Bar and his guilty plea. As a result, reciprocal discipline proceedings against him, pursuant to article VI, section 28–A of the West Virginia State Bar by-laws, were initiated.

A hearing was set in Charleston, West Virginia, on October 14, 1993. Though Mr. Goodman received notice of the hearing on August 4, 1993 and later, during a pre-hearing conference, assured the hearing panel chairman that he would attend the October 14 hearing, Mr. Goodman failed to appear. The hearing panel proceeded with the reciprocal disciplinary hearing despite Mr. Goodman's absence. The Committee ultimately recommended to this Court that Mr. Goodman be deemed to have resigned from the West Virginia State Bar without leave to reapply and that his name be stricken from the roll of attorneys. This case was submitted on briefs to this Court on Tuesday, January 11, 1994, but Mr. Goodman failed to respond.

## II

The reciprocal discipline provisions of article VI, section 28–A of the State Bar by-laws were first applied by this Court in *Committee on Legal Ethics v. Battistelli*, 185 W.Va. 109, 405 S.E.2d 242 (1991). Under these provisions, the Committee may discipline members of the State Bar against whom disciplinary action has been taken by other jurisdictions. *Id.* at syl. pt. 1. In syllabus point 2 of *Battistelli*, this Court stated, "[a]rticle VI, Section 28–A(a) of the By-laws of the West Virginia State Bar provides that a final adjudication of professional misconduct in another jurisdiction conclusively establishes the fact of such misconduct for purposes of reciprocal disciplinary proceedings here." [3] Mr. Goodman argued, during the telephonic

---

license to practice law after five years. *See In re Smith*, 166 W.Va. 22, 270 S.E.2d 768 (1980). Thus, Mr. Goodman's disbarment from the practice of law in West Virginia is a less severe discipline than that which was imposed upon him in Florida.

We further note that article VI, section 27 of the by-laws of the West Virginia State Bar provides for disbarment by consent of an attorney under disciplinary investigation or prosecution. While Mr. Goodman did not file an affidavit consenting to his disbarment in West Virginia,

his petition for resignation without leave to reapply was granted by the Florida Supreme Court.

**3.** Article VI, section 28–A(a) states: "A final adjudication in another jurisdiction of misconduct constituting grounds for discipline of a lawyer shall, for the purposes of proceedings pursuant to this article conclusively establish such misconduct. The Hearing Panel may take action without holding a formal hearing."

pre-hearing conference on September 27, 1993, that his resignation from the Florida Bar was *not* done in lieu of discipline. The Committee found this argument to be without merit and we agree. A disciplinary proceeding against Mr. Goodman was pending when the Florida Supreme Court granted the Florida Bar's petition for temporary suspension of Mr. Goodman's license to practice law. Mr. Goodman, subsequently, filed a petition for leave to resign from the Florida Bar. However, the Florida Supreme Court denied the petition, without prejudice, allowing Mr. Goodman to amend his petition to state that it is a resignation without leave to apply for readmission permanently. The Florida Supreme Court granted Mr. Goodman's amended petition.

Furthermore, Mr. Goodman expressly resigned pursuant to article XI, rule 11.08 of the Florida Bar Integration Rule, which allows resignation in lieu of discipline.[4] We, therefore, conclude that Mr. Goodman's resignation from the Florida Bar without leave to reapply was done in lieu of discipline and that, accordingly, reciprocal discipline is an appropriate action in West Virginia.

In syllabus point 3 of *Battistelli,* this Court stated that "[a]rticle VI, Section 28–A(b) of the By–Laws of the West Virginia State Bar places an affirmative duty on a lawyer to report the fact that he has been publicly disciplined or required to surrender his license to practice in a foreign jurisdiction."[5] Though Mr. Goodman permanently resigned from the Florida Bar in lieu of discipline in March, 1986 and later entered a guilty plea in an unrelated matter in November, 1987, he failed to notify the West Virginia State Bar. In fact, it was not until December, 1991 that the State Bar learned, from a source other than Mr. Goodman, that these actions occurred. Clearly, then, Mr. Goodman failed to fulfill his affirmative duty to report the voluntary surrender of his law license in Florida as required by article VI, Section 28–A(b).

Article VI, sections 28–A(c) and (d) direct bar counsel to investigate the foreign disciplinary action or to secure a copy of the disciplinary order and then to refer the matter to the hearing panel for appropriate action.[6] Though Mr. Goodman received ample notice of the reciprocal discipline hearing and even indicated at the pre-hearing conference that he would attend, he, nevertheless, failed to appear. Furthermore, Mr. Goodman neither asked for a continuance nor established good cause for his absence.

Article VI, section 28–A(d) also allows the lawyer to challenge the validity of the foreign disciplinary order, though his right to do so is limited to the four grounds articulated in article VI, section 28–A(e). Syllabus point 4 of *Battistelli* states:

Under Article VI, Section 28–A(e) of the By–Laws of the West Virginia State Bar, an attorney's right to challenge the disciplinary action of a foreign jurisdiction· is limited to the following four grounds: (1) the procedure followed in the other jurisdiction violated due process; (2) there was

---

4. Article XI, rule 11.08 of the Florida Bar Integration Rule states, in relevant part: "(6) In the case of a resignation submitted in connection with a disciplinary action.... [i]f an attorney's petition to resign states that it is without leave to apply for readmission permanently, such condition shall preclude any readmission."

5. Article VI, section 28–A(b) provides:

Any lawyer who is a member, active or inactive, of the West Virginia State Bar against whom any form of public discipline has been imposed by the authorities of another jurisdiction, or who voluntarily surrenders his license to practice law in connection with disciplinary proceedings in another jurisdiction, shall notify bar counsel or committee counsel of such action in writing within ten days thereof.

6. Article VI, sections 28–A(c) and (d) provide:

(c) Upon receiving notice that a lawyer who is a member, active or inactive, has voluntarily surrendered his license to practice law in another jurisdiction, bar counsel or committee counsel shall, following investigation pursuant to his article, refer the matter to the Hearing Panel for appropriate action.

(d) Upon receiving notice that a lawyer who is a member active or inactive, of the West Virginia State Bar, has been publicly disciplined in another jurisdiction, the committee counsel shall obtain that disciplinary order and shall refer the matter to the Hearing Panel for appropriate action.

If the lawyer intends to challenge the validity of the disciplinary order entered in the foreign jurisdiction, he must request a formal hearing and file with bar counsel or committee counsel a full copy of the record of the disciplinary proceedings which resulted in the imposition of the disciplinary order.

a total infirmity of proof of misconduct; (3) imposition of the same discipline would result in a grave injustice; or (4) the misconduct warrants a substantially different type of discipline.[7]

(footnote added).

Mr. Goodman has failed to demonstrate any of these grounds. We shall, therefore, follow the recommendation of the Committee insofar as it recommends that Mr. Goodman be disbarred from the practice of law in West Virginia.[8] Accordingly, we hereby order that Mr. Goodman be disbarred from the practice of law in West Virginia. We shall also require Mr. Goodman to reimburse the Committee in the amount of $175.34, the costs it has incurred in connection with this proceeding.

Disbarment.

7. Article VI, section 28–A(e) states:

(e) At the conclusion of proceedings brought under this section, the Hearing Panel shall refer the matter to the supreme court of appeals with the recommendation that the same discipline be imposed by the supreme court as was imposed by the foreign jurisdiction unless it is determined by the Hearing Panel or the court that:

(1) The procedure followed in the foreign jurisdiction did not comport with the requirements of due process of law; or

(2) The proof upon which the foreign jurisdiction based its determination of misconduct is so infirm that the supreme court cannot, consistent with its duty, accept as final the determination of the foreign jurisdiction; or

(3) The imposition by the supreme court of the same discipline imposed in the foreign jurisdiction would result in grave injustice; or

(4) The misconduct proved warrants that a substantially different type of discipline be imposed by the supreme court.

