IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2022 Term

FILED

June 10, 2022

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 18-0363

LAWYER DISCIPLINARY BOARD,
Petitioner

v.

PATRICK DOHENY,
A Member of the West Virginia State Bar,
Respondent.

Lawyer Disciplinary Proceeding

RECOMMENDED DECISION REJECTED AND REMANDED

Submitted: May 18, 2022
Filed: June 10, 2022

Rachael L. Fletcher Cipoletti, Esq.
Chief Lawyer Disciplinary Counsel
Andrea J. Hinerman, Esq.
Senior Lawyer Disciplinary Counsel
Office of Lawyer Disciplinary Counsel
Charleston, West Virginia
Counsel for Petitioner

Patrick J. Doheny, Jr., Esq.
*Self-Represented Litigant*
Pittsburgh, Pennsylvania
Respondent

JUSTICE ARMSTEAD delivered the Opinion of the Court.

JUSTICE WALKER concurs and reserves the right to file a separate opinion.

JUSTICE WOOTON dissents and reserves the right to file a separate opinion.

SYLLABUS BY THE COURT

1. "This Court is the final arbiter of legal ethics problems and must make the ultimate decisions about public reprimands, suspensions or annulments of attorneys' licenses to practice law." Syl. Pt. 3, *Committee on Legal Ethics v. Blair*, 174 W. Va. 494, 327 S.E.2d 671 (1984).

2. "A *de novo* standard applies to a review of the adjudicatory record made before the Committee on Legal Ethics of the West Virginia State Bar [currently, the Hearing Panel Subcommittee of the Lawyer Disciplinary Board] as to questions of law, questions of application of the law to the facts, and questions of appropriate sanctions; this Court gives respectful consideration to the Committee's recommendations while ultimately exercising its own independent judgment. On the other hand, substantial deference is given to the Committee's findings of fact, unless such findings are not supported by reliable, probative, and substantial evidence on the whole record." Syl. Pt. 3, *Committee on Legal Ethics of the West Virginia State Bar v. McCorkle*, 192 W. Va. 286, 452 S.E.2d 377 (1994).

3. "The exclusive authority to define, regulate and control the practice of law in West Virginia is vested in the Supreme Court of Appeals." Syl. Pt. 1, *State ex rel. Askin v. Dostert*, 170 W. Va. 562, 295 S.E.2d 271 (1982).

4. "The authority of the Supreme Court to regulate and control the practice of law in West Virginia, including the lawyer disciplinary process, is constitutional

i

in origin.  W. Va. Const. art. VIII, § 3."  Syl. Pt. 2, *Lawyer Disciplinary Board v. Kupec*, 202 W. Va. 556, 505 S.E.2d 619 (1998).

5.      "The principle [sic] purpose of attorney disciplinary proceedings is to safeguard the public's interest in the administration of justice."  Syl. Pt. 3, *Daily Gazette Co., Inc. v. Committee on Legal Ethics of the West Virginia State Bar*, 174 W. Va. 359, 326 S.E.2d 705 (1984).

6.      "Under West Virginia Constitution art. III, § 17, which provides that 'The courts of this State shall be open,' there is a right of public access to attorney disciplinary proceedings."  Syl. Pt. 4, *Daily Gazette Co., Inc. v. Committee on Legal Ethics of the West Virginia State Bar*, 174 W. Va. 359, 326 S.E.2d 705 (1984).

ARMSTEAD, J.:

This matter involves a reciprocal lawyer disciplinary action against Respondent Patrick Doheny (hereinafter "Mr. Doheny"), a member of the West Virginia State Bar, pursuant to Rule 3.20 of the West Virginia Rules of Lawyer Disciplinary Procedure. The Office of Lawyer Disciplinary Counsel (hereinafter "ODC") filed a "Notice of Reciprocal Disciplinary Action Pursuant to Rule 3.20 of the Rules of Lawyer Disciplinary Procedure" (hereinafter "Notice") as a result of discipline imposed upon Mr. Doheny by the Disciplinary Board of the Supreme Court of Pennsylvania. Mr. Doheny sought dismissal of the ODC's reciprocal disciplinary action on the basis that the discipline he received in Pennsylvania was private, not public. The Hearing Panel Subcommittee of the Lawyer Disciplinary Board (hereinafter "HPS") found that Rules 3.20(b) and 3.20(c) of the Rules of Lawyer Disciplinary Procedure (hereinafter "Rules of LDP") require a lawyer to be publicly disciplined in a foreign jurisdiction in order for proceedings to be instituted under our state's rule regarding reciprocal discipline, and therefore determined that both HPS and this Court are without subject matter jurisdiction to hear this matter. Accordingly, the HPS recommended that this matter be dismissed for lack of subject matter jurisdiction and that the record be sealed.

Upon careful review of the briefs, the appendix record, the arguments of the parties, and the applicable legal authority, we reject the recommendations of the HPS and remand this matter for further proceedings consistent with this opinion.

1

# I. FACTS AND PROCEDURAL HISTORY

Respondent is an attorney admitted to the bar of the Commonwealth of Pennsylvania and the West Virginia State Bar.[1] On October 5, 2011, he was involved in a DUI-related motor vehicle accident in Pennsylvania in which his vehicle crossed the center line of a roadway and collided with a motorcycle traveling in the oncoming direction. On January 23, 2013, he was convicted in the Court of Common Pleas of Allegheny County, Pennsylvania of (1) aggravated assault by motor vehicle while driving under the influence; (2) driving under the influence of alcohol or controlled substance; (3) driving under the influence of alcohol, high rate of alcohol; (4) driving under the influence of alcohol or controlled substance, and (5) failure to keep right.[2] By letter dated February 13, 2013, Mr. Doheny self-reported his convictions to the ODC. Following this notification, the ODC began investigating this matter under a complaint identified as I.D. No. 13-01-081. According to Mr. Doheny, between February 2013 and April 2018, he provided the ODC with periodic updates regarding his "ultimately-unsuccessful appeal of his DUI-related criminal convictions, as well as disciplinary proceedings that Pennsylvania's disciplinary authorities later commenced on the basis of [his] DUI convictions."[3] According to the

---

[1] Respondent was admitted to the bar of the Commonwealth of Pennsylvania on October 12, 2000 (PA I.D. No. 85547). Respondent was admitted to the West Virginia State Bar on October 10, 2001 (W. Va. Bar No. 8799).

[2] Respondent was acquitted of reckless driving.

[3] According to the Notice, Mr. Doheny filed a direct appeal of his criminal conviction, and the Superior Court of Pennsylvania affirmed his convictions by Order (continued . . .)

ODC, on September 23, 2015, the Chair of the Investigative Panel issued a stay on I.D. No. 13-01-081 pending the resolution of Mr. Doheny's underlying criminal charges and Pennsylvania disciplinary proceedings.

On or about January 5, 2017, Respondent was issued a Private Reprimand by a three-member panel of Pennsylvania's Disciplinary Board. By letter dated January 10, 2017, Respondent notified the ODC that he had been issued a Private Reprimand and provided copies of related documents to the ODC. On April 24, 2018, the ODC filed its Notice against Respondent. Because the West Virginia Rules of Lawyer Disciplinary Procedure do not provide for a private reprimand, the ODC advised Respondent that it would request that the Hearing Panel Subcommittee (hereinafter "HPS") impose a sanction similar to, but not identical to, the sanction that was imposed in Pennsylvania. Specifically, paragraph 9 of the Notice provides:

> 9. In the instant case, Senior Lawyer Disciplinary Counsel will request that the Hearing Panel Subcommittee refer this matter to [sic] Supreme Court of Appeals with a recommendation of a reprimand. The West Virginia Rules of Lawyer Disciplinary Procedure do not provide for a private reprimand as a permissible sanction. Rule

---

entered on April 29, 2015. Mr. Doheny also filed a Petition for Allowance of an Appeal on the basis of newly discovered evidence obtained during his direct appeal, which was denied by the Supreme Court of Pennsylvania on February 8, 2016. Thereafter, Mr. Doheny filed a Petition for Post-Conviction Collateral Relief, in which he sought reversal, in the form of an acquittal or new trial. By Order entered on June 5, 2017, the Court of Common Pleas of Allegheny County dismissed Mr. Doheny's Petition for Post-Conviction Collateral Relief. Mr. Doheny appealed the dismissal of his Petition for Post-Conviction Relief and, as of the time of filing the Notice, this appeal was still pending.

3.15 of the Rules of Lawyer Disciplinary Procedure [Permissible Sanctions] provides as follows:

A Hearing Panel Subcommittee may recommend or the Supreme Court of Appeals may impose any one or more of the following sanctions for a violation of the Rules of Professional Conduct or pursuant to Rule 3.14: (1) probation; (2) restitution; (3) limitation on the nature or extent of future practice; (4) supervised practice; (5) community service; (6) admonishment; (7) reprimand; (8) suspension; or (9) annulment. When a sanction is imposed, the Hearing Panel Subcommittee or the Court shall order the lawyer to reimburse the Lawyer Disciplinary Board for the costs of the disciplinary proceeding unless the panel or the Court finds the reimbursement will pose an undue hardship on the lawyer. Willful failure to reimburse the Board may be punished as contempt of the Court.

Furthermore, the Supreme Court of Appeals of West Virginia has held that "[u]nder the [West Virginia Constitution] art. III, § 17, which provides that 'The courts of this state shall be open," there is a right of public access to attorney disciplinary proceedings." Daily Gazette Co. v. Committee on Legal Ethics, 174 W. Va. 359, 365, 326 S.E.2d 704, 711 (1984). Finally, Disciplinary Counsel will seek reimbursement of any costs associated with this proceeding.

In its Notice, the ODC also advised Respondent of his right to request a formal hearing. Paragraph 10 of the Notice provides that "[i]f Respondent intends to request a formal hearing, Respondent must do so within thirty days of the date of this notice by filing the same with the Office of Lawyer Disciplinary Counsel and provide a full copy of the Pennsylvania disciplinary proceedings."

4

On or about May 25, 2018, Respondent filed a "Motion to Dismiss Notice of Reciprocal Disciplinary Action for Lack of Jurisdiction and to Seal Record of Proceedings" with this Court. The ODC responded to the motion, and by order issued on October 4, 2018, this Court refused Respondent's motion. On September 14, 2020, the ODC filed a "Motion for Reciprocal Discipline" (hereinafter "Motion"). On or about October 8, 2020, Respondent filed a "Response to [the ODC's] Motion for Reciprocal Discipline and Request to Dismiss Notice of Reciprocal Disciplinary Action and to Seal Record of Pleadings." By order issued on January 28, 2021, this Court again refused Respondent's motions to dismiss and seal the record.

Subsequent to this Court's January 28, 2021 order, the HPS entered a Scheduling Order, but at a pre-hearing on May 26, 2021, the HPS determined that the Scheduling Order had been improvidently entered.

The HPS also determined that an evidentiary hearing was not necessary in this matter but requested that the parties submit briefs on the "sole issue of subject matter jurisdiction to hear this matter based upon a claim advanced by the Respondent that under Rules 3.20(b) and 3.20(c) jurisdiction is only achieved when public discipline has been rendered in a foreign jurisdiction." On or about July 12, 2021, the ODC filed a brief in which it argued that Mr. Doheny's disciplinary order from Pennsylvania is a final adjudication of misconduct, which established the jurisdiction of the HPS to "take action" pursuant to Rule 3.20(a) of the Rules of LDP. On or about July 14, 2021, Mr. Doheny filed

a brief maintaining that the HPS and this Court lack subject matter jurisdiction in this matter because he has never been subject to public discipline in a foreign jurisdiction, which he argued is a jurisdictional prerequisite for the imposition of reciprocal discipline.

On October 4, 2021, the HPS issued its Recommended Decision in this matter.[4] The HPS found that Rule 3.20 of the Rules of Lawyer Disciplinary Procedure is a rule that confers subject matter jurisdiction and further, that Rules 3.20(b) and 3.20(c) of the West Virginia Rules of Lawyer Disciplinary Procedure "require that a lawyer be publicly disciplined in [a] foreign jurisdiction in order for proceedings to be instituted under Rule 3.20, RLDP." Because Respondent's discipline in Pennsylvania was a Private Reprimand, the HPS concluded that it and this Court are "without subject-matter jurisdiction to hear this matter." For that reason, the HPS recommended that this action be dismissed and that the record in this matter be sealed.

On November 2, 2021, the ODC objected to the Recommended Decision.

## II.  STANDARD OF REVIEW

It is well-established that "[t]his Court is the final arbiter of legal ethics problems and must make the ultimate decisions about public reprimands, suspensions or

---

[4] Pursuant to Rule 3.20(a) of the Rules of LDP, the HPS issued its Recommended Decision without conducting a formal hearing.

annulments of attorneys' licenses to practice law." Syl. Pt. 3, *Committee on Legal Ethics v. Blair*, 174 W. Va. 494, 327 S.E.2d 671 (1984). With respect to the HPS recommendations:

> A *de novo* standard applies to a review of the adjudicatory record made before the Committee on Legal Ethics of the West Virginia State Bar [currently, the Hearing Panel Subcommittee of the Lawyer Disciplinary Board] as to questions of law, questions of application of the law to the facts, and questions of appropriate sanctions; this Court gives respectful consideration to the Committee's recommendations while ultimately exercising its own independent judgment. On the other hand, substantial deference is given to the Committee's finding of fact, unless such findings are not supported by reliable, probative, and substantial evidence on the whole record.

Syl. Pt. 3, *Committee on Legal Ethics v. McCorkle*, 192 W. Va. 286, 452 S.E.2d 377 (1994).

## III.  DISCUSSION

Mr. Doheny was admitted to the West Virginia State Bar on October 10, 2001, and therefore, he is subject to the disciplinary jurisdiction of this Court. Although Mr. Doheny is subject to such jurisdiction, the issue of subject matter jurisdiction was raised before the HPS, and that issue formed the basis of the HPS's recommendation that the instant matter be dismissed. The HPS concluded that HPS and this Court did not have subject matter jurisdiction to hear this matter. The argument advanced by Mr. Doheny, in support of the HPS's recommendation, is that the ODC lacked subject matter jurisdiction to seek reciprocal discipline against him because he has not been subject to *public* discipline in any foreign jurisdiction.

7

## A.    RULES OF LAWYER DISCIPLINARY PROCEDURE

On or about April 24, 2018, the ODC filed its Notice against Mr. Doheny, and on or about September 14, 2020, the ODC filed its Motion against Dr. Doheny. Both filings against Mr. Doheny sought reciprocal discipline pursuant to Rule 3.20 of the Rules of LDP. Rule 3.20 provides as follows:

(a)    A final adjudication in another jurisdiction, whether state or federal, of misconduct constituting grounds for discipline of a lawyer or a voluntary surrender of a license to practice in connection with a disciplinary proceeding shall, for the purposes of proceedings pursuant to these rules conclusively establish such conduct. Accordingly, a Hearing Panel Subcommittee may take action without conducting a formal hearing.

(b)    Any lawyer who is a member, active or inactive, of The West Virginia State Bar against whom any form of public discipline has been imposed by the authorities of another jurisdiction, whether state or federal, or who voluntarily surrenders his or her license to practice law in connection with disciplinary proceedings in another jurisdiction, whether state or federal, shall notify the Office of Disciplinary Counsel of such action in writing ten days thereof. Failure to notify the Office of Disciplinary Counsel shall constitute an aggravating factor in any subsequent disciplinary proceeding.

(c)    Upon receiving notice that a lawyer who is a member, active or inactive, has been publicly disciplined or has voluntarily surrendered his or her license to practice law in another jurisdiction, whether state or federal, Disciplinary Counsel shall, following an investigation pursuant to these rules, refer the matter to a Hearing Panel Subcommittee for appropriate action.

(d)    If the lawyer intends to challenge the validity of the disciplinary order entered in the foreign jurisdiction with a disciplinary proceeding, the lawyer must request a formal

8

hearing and file with the Office of Disciplinary Counsel a full copy of the record of the disciplinary proceedings which resulted to imposition of the disciplinary order or the voluntary surrender of a license to practice law.

(e)     At the conclusion of proceedings brought under this section, the Hearing Panel Subcommittee shall refer the matter to the Supreme Court of Appeals with the recommendation that the same discipline be imposed as was imposed by the foreign jurisdiction unless it is determined by the Hearing Panel Subcommittee that (1) the procedure followed in the foreign jurisdiction did not comport with the requirements of due process of law; (2) the proof upon which the foreign jurisdiction based its determination of misconduct is so infirm that the Supreme Court of Appeals cannot, consistent with its duty, accept as final the determination of the foreign jurisdiction; (3) the imposition by the Supreme Court of Appeals of the same discipline imposed in the foreign jurisdiction would result in a grave injustice; or (4) the misconduct proved warrants that a substantially different type of discipline be imposed by the Supreme Court of Appeals.[5]

---

[5] West Virginia has provided for reciprocal disciplinary proceedings since at least 1986 when Article VI, Section 28-A of the By-Laws of The West Virginia State Bar was adopted and took effect. According to *The Committee on Legal Ethics of the West Virginia State Bar v. Battistelli*, 185 W. Va. 109, 405 S.E.2d 242 (1991):

> Article VI, Section 28-A(a) provides that a final adjudication of professional misconduct in another jurisdiction conclusively establishes the fact of such misconduct for purposes of reciprocal disciplinary proceedings here. Subsection (b) places an affirmative duty on a lawyer to report the fact that he has been publicly disciplined or required to surrender his license to practice in a foreign jurisdiction. Article VI, Sections 28-A(c) and (d) require bar counsel either to investigate the foreign disciplinary action or to secure a copy of the disciplinary order and then to refer the matter to the Hearing Panel. Subsection (d) also indicates that the lawyer may challenge the validity of the foreign disciplinary order. However, under Article VI, Section 28-A(e), the attorney's right to challenge the disciplinary action of a foreign jurisdiction is limited to the

(continued . . .)

The ODC sought reciprocal discipline of Mr. Doheny because he was reprimanded by the Disciplinary Board of the Supreme Court of Pennsylvania. Mr. Doheny sought dismissal on the basis that he was not publicly disciplined in Pennsylvania. The HPS agreed with Mr. Doheny and concluded that Rules 3.20(b) and 3.20(c) of the Rules of LDP require that a lawyer be *publicly* disciplined in a foreign jurisdiction in order for the ODC to institute proceedings under Rule 3.20 of the Rules of LDP. We disagree.

Initially, we note that "this Court gives respectful consideration to the [HPS's] recommendations while ultimately exercising [our] own independent judgment." Syl. Pt. 3, in part, *Committee on Legal Ethics v. McCorkle*, 192 W. Va. 286, 452 S.E.2d 377 (1994). The central issue in the instant matter is whether Rule 3.20 of the Rules of LDP permits reciprocal discipline in cases where the respondent attorney was subject to private discipline from a foreign jurisdiction, and we acknowledge that our research has revealed no prior case in which this Court has had occasion to decide this issue. The HPS

---

four grounds listed therein. Subsection (e) provides that at the conclusion of the proceedings the Committee 'shall refer the matter to the supreme court of appeals with the recommendation that the same discipline be imposed' unless (1) the procedure followed in the other jurisdiction violated due process; (2) there was a total infirmity of proof of misconduct; (3) imposition of the same discipline would result in a grave injustice; or (4) the misconduct warrants a substantially different type of discipline.

*Id*. at 111-112, 405 S.E.2d at 244-245.

10

focused on the express language of Rules 3.20(b) and 3.20(c) in concluding that ODC cannot seek reciprocal discipline unless an attorney has been *publicly* disciplined in a foreign jurisdiction.

The relevant facts regarding this issue do not appear to be in dispute. Mr. Doheny was issued a Private Reprimand by a three-member panel of Pennsylvania's Disciplinary Board on January 5, 2017. A private reprimand is one of several sanctions that can be levied against an attorney who violates the Rules of Professional Conduct in Pennsylvania. *See* 204 Pennsylvania Code § 83.204, Rule 204(a)(6). Further, a private reprimand issued in Pennsylvania is not subject to disclosure except in certain enumerated circumstances. *See* 204 Pennsylvania Code § 83.402, Rule 402.[6]

The HPS concluded, and Mr. Doheny now argues, that the HPS and this Court are without subject matter jurisdiction to hear this matter because Mr. Doheny was not publicly disciplined in Pennsylvania. In support of its recommendation, the HPS relied on subsections (b) and (c) of Rule 3.20 of the Rules of LDP. While we agree that both subsections refer to public discipline in another jurisdiction, we find no jurisdictional limitations or restrictions in those subsections. Instead, we find that those subsections

---

[6] According to the HPS's Recommended Decision, "[i]t is not disputed that in the State of Pennsylvania the public is not entitled to information regarding the Respondent's disciplinary action and that Respondent's disciplinary file is not public information subject to disclosure except under those limited circumstances set forth in Rule 402."

11

impose procedural duties on lawyers and the ODC when the circumstances set forth in the subsections are met. Subsection (b) imposes a duty on lawyers, affirmatively requiring that they "shall" notify the ODC of public discipline by another jurisdiction, and subsection (c) affirmatively imposes a duty on the ODC requiring that it "shall" investigate and refer the matter to the HPS following notification of public discipline in another jurisdiction.[7] However, neither subsection (b) nor subsection (c) prohibits the ODC from referring reciprocal matters to HPS, or HPS from taking disciplinary action, with regard to attorneys upon whom *private* discipline has been imposed in other jurisdictions.

Rule 3.20 contains five subsections, and we find that subsection (a) provides the HPS and this Court with jurisdiction to impose reciprocal discipline on Mr. Doheny. Pursuant to Rule 3.20(a) of the Rules of LDP "[a] final adjudication in another jurisdiction … of misconduct constituting grounds for discipline of a lawyer … conclusively establish[es] such conduct" for any proceedings under "these rules." Rule 3.20(a) does not simply authorize reciprocal discipline under the restrictions of the remaining subsections of Rule 3.20, but instead authorizes such discipline under the broader term of "these rules." As more fully set forth below, "these rules," namely the Rules of LDP, provide the HPS and this Court broad authority to impose discipline on attorneys licensed to practice in

---

[7] Both subsections contain identical duties for voluntary surrender of a law license in another jurisdiction. However, because a voluntary surrender is not at issue in this case, we need not address such duties.

West Virginia. Mr. Doheny's Private Reprimand is a final adjudication in another jurisdiction of misconduct constituting grounds for discipline, and pursuant to Rule 3.20(a) of the Rules of LDP, that final adjudication conclusively establishes such conduct.

Mr. Doheny further argues that Rule 4.4(8) of the Rules of LDP prohibits the ODC from seeking reciprocal discipline against him because he has not been publicly disciplined in another jurisdiction. Rule 4.4(8) of the Rules of LDP states that "[d]isciplinary counsel shall perform all prosecutorial functions and have the authority to: … (8) seek reciprocal discipline when informed of any public discipline imposed in any other jurisdiction." Although subsection (8) of Rule 4.4 does not expressly grant the ODC authority to seek reciprocal discipline based on a private reprimand, subsection (8) is one of several subsections that grant the ODC far-reaching authority to seek discipline of attorneys admitted to practice in West Virginia. The ODC has broad authority to "evaluate all information coming to its attention by complaint or from other sources alleging lawyer misconduct or incapacity." Rule 2.4 of the Rules of LDP. Of particular significance, Rule 4.4(4) grants the ODC authority to "prosecute violations of the Code of Judicial Conduct and Rules of Professional Conduct before the Lawyer Disciplinary Board, the Judicial Investigation Commission, the Judicial Hearing Board, and [this Court]." We believe the broad authority granted the ODC by Rule 4.4(4) encompasses the authority to seek reciprocal discipline against Mr. Doheny. Such authority is consistent with the overriding goals and purpose of the Rules of LDP. Indeed, Rule 1 of the Rules of LDP provides "[t]he

13

… conduct of the bench and bar is of the highest importance to the people of the State of West Virginia and to the members of the legal profession."

Early in West Virginia jurisprudence, our "Legislature possessed the authority to govern the admission and practice of attorneys in West Virginia courts, but [] the judiciary retained its common law supervisory powers 'to exclude or admit, on application for admission, or to dismiss, after admission, for misconduct or unfitness of character ….' *Ex parte Hunter*, 2 W. Va. 122, 182 (1867)." *See generally State ex rel. Askin v. Dostert*, 170 W. Va. 562, 565-566, 295 S.E.2d 271, 275 (1982). However, this authority to oversee the practice of law has been modified over the years. Now, [t]he exclusive authority to define, regulate and control the practice of law in West Virginia is vested in the Supreme Court of Appeals." Syl. Pt. 1, *Id.*

"The position of this Court as sole regulator of the practice of law in West Virginia began with the enactment by the Legislature, in 1945, of W. Va. Code § 51-1-4a []. *See* 1945 W. Va. Acts ch. 44. … Furthermore, with ratification of the 1974 Judicial Reorganization Amendment the exclusive power of this Court to govern the practice of law attained the status of constitutional mandate. W. Va. Const. art. 8, § 1 *et seq.*" *Askin*, 170 W. Va. at 566, 295 S.E.2d 271, 275 (1982). It is now well established that "[t]he authority of the Supreme Court to regulate and control the practice of law in West Virginia, including the lawyer disciplinary process, is constitutional in origin W. Va. Const. art. VIII, § 3."

14

Syl. Pt. 2, *Lawyer Disciplinary Board v. Kupec*, 202 W. Va. 556, 505 S.E.2d 619 (1998).

By order approved May 25, 1994, (effective July 1, 1994), this Court adopted the Rules of Lawyer Disciplinary Procedure.[8] "The Rules of LDP establish general guidelines for conducting attorney disciplinary proceedings." *Id.* at 564, 505 S.E.2d 619, 627 (1998). Pursuant to these rules, specifically Rules 3.20(a) and 4.4(4), the HPS, and indeed this Court, have the authority to impose reciprocal discipline regardless of whether the underlying discipline imposed by the foreign jurisdiction is private or public. We, therefore, find no error in the ODC's decision to pursue this matter as a reciprocal disciplinary action.

Because the HPS determined that it lacked jurisdiction to address this matter as a reciprocal disciplinary action, it did not proceed with consideration of the matter on the merits pursuant to Rule 3.20 of the Rules of LDP. Accordingly, having determined that both the HPS and this Court do, in fact, have jurisdiction over this reciprocal matter, we remand the case to the HPS to proceed with the reciprocal disciplinary process set forth in the Rules of LDP.[9]

---

[8] The adoption of the Rules of Lawyer Disciplinary Procedure superseded the provisions of Article VI of the By-Laws of The West Virginia State Bar, effective July 1, 1994.

[9] Rule 3.20(d) of the Rules of LDP permits an attorney subject to reciprocal discipline to challenge the validity of the disciplinary order entered in the foreign jurisdiction. However, in order to do so, such attorney must request a formal hearing and file with the Office of Disciplinary Counsel a full copy of the record of the disciplinary (continued . . .)

## B.     REQUEST TO SEAL RECORD

The HPS, having concluded that "private discipline fails to meet the requirements within the clear dictates of Rule 3.20" of the Rules of LDP, further recommended that Mr. Doheny's Motion to Seal the Record in this matter be granted. We also reject this recommendation.

"The principle [sic] purpose of attorney disciplinary proceedings is to safeguard the public's interest in the administration of justice." Syl. Pt. 3, *Daily Gazette Co. Inc. v. Committee on Legal Ethics of the West Virginia State Bar,* 174 W. Va. 359, 326 S.E.2d 705 (1984). In that regard, we have held that "[u]nder West Virginia Constitution art. III, § 17, which provides that 'The courts of this State shall be open,' there is a right of public access to attorney disciplinary proceedings." Syl. Pt. 4, *Id*. In support of this holding, this Court noted that "[p]rocedures governing professional discipline are emblematic of the character of a profession. Confidentiality favors insulating the legal

---

proceedings which resulted to imposition of the disciplinary order. In response to ODC's Motion, Mr. Doheny requested that the action be dismissed and sealed. In the alternative, Mr. Doheny requested a hearing before the HPS for ODC to be "required and compelled to explain themselves and their actions." On remand, the HPS should determine, inter alia, if this matter may be resolved without a hearing pursuant to Rule 3.20 of the Rules of LDP, or whether Mr. Doheny has effectively asserted a request for a hearing and met the requirements entitling him to a hearing pursuant to Rule 3.20(d) to address the validity of the disciplinary order entered in Pennsylvania.

profession from adverse publicity over the public interest in the proper administration of justice." *Id. at* 365, 326 S.E.2d 705, 711 (1984).[10]

Mr. Doheny argues that he provided the ODC with copies of his Private Reprimand and "other related documents" pursuant to Rule 3.19 of the Rules of LDP and that such documents should remain confidential pursuant to Rule 2.6 of the Rules of LDP.[11] Mr. Doheny further argues that the ODC "arbitrarily" changed its investigation from a criminal conviction investigation to a reciprocity investigation and then filed confidential records on the public docket of these proceedings. According to Mr. Doheny, if this case

---

[10] Prior to this Court's decision in *Daily Gazette*, 174 W. Va. 359, 326 S.E.2d 705 (1984), the West Virginia State Bar used private reprimands as a method of official discipline. However, our decision in *Daily Gazette* made it clear that private reprimands were "in direct contravention with the 'open courts' provision of the West Virginia Constitution art. III, § 17." *Id.* at 367, 326 S.E.2d 705, 713.

[11] Rule 3.19 of the Rules of LDP addresses felony convictions that do not reflect adversely on a lawyer's honesty, trustworthiness or fitness as a lawyer in other respects. Rule 2.6 of the Rules of LDP provides as follows:

> The details of complaints filed with or investigations conducted by the Office of Disciplinary Counsel shall be confidential, except that when a complaint has been filed or an investigation has been initiated, the Office of Disciplinary Counsel or the lawyer may release information confirming or denying the existence of a complaint or investigation, explaining the procedural aspects of the complaint or investigation, or defending the right of the lawyer to a fair hearing. Prior to the release of information confirming or denying the existence of a complaint or investigation by the Office of Disciplinary Counsel, reasonable notice shall be provided to the lawyer.

17

is dismissed for lack of subject matter jurisdiction, it will be as if the case was never filed so there will be no final disposition of any discipline against him.

However, because we find no error in the ODC's decision to pursue this matter as a reciprocal disciplinary action and decline to approve the HPS's recommendation that this matter be dismissed for lack of subject matter jurisdiction, we are unpersuaded by Mr. Doheny's arguments. In addition, we note that this Court, on October 4, 2018, and on January 28, 2021, refused similar motions by Mr. Doheny to seal the records of this matter. Mr. Doheny has provided no authority or justification to warrant a different decision at this stage of the proceedings with regard to his motion to seal the record in this matter. Finally, consistent with our holding in *Daily Gazette* that "courts of this state shall be open," we believe that Mr. Doheny has failed to provide justification in this matter to overcome the public's right of access to court proceedings, including lawyer disciplinary matters. *Daily Gazette*, 174 W. Va. at 365, 326 S.E.2d at 711.

## IV. CONCLUSION

For the reasons set forth herein, we reject the HPS's Recommended Decision filed on October 4, 2021, in which it concluded that the HPS and this Court are without subject matter jurisdiction to hear this reciprocal disciplinary matter. Accordingly, we remand this case for proceedings consistent with this opinion. Finally, we reject HPS's recommendation that the record in this matter be sealed.

18

Recommended Decision Rejected and Case Remanded.